# CASES

# THE COURT OF CHANCERY

## OF THE STATE OF NEW-JERSEY,

## OCTOBER TERM, 1844.

---

## ISAAC KERLIN v. JOSEPH E. WEST.

A court of equity will not interfere by injunction, in a case of naked trespass, where there is a full remedy at law.

But for the purpose of quieting a possession, or preventing a multiplicity of actions, or where the value of the inheritance is in jeopardy, or irreparable mischief is threatened, in relation either to mines, quarries or woodland, the court will interfere by injunction, even against a person acting under a claim of right.*

The injury may be irreparable either from the nature of the injury itself, or from the want of responsibility in the person committing it.

INJUNCTION bill, filed on the fifteenth of May, eighteen hun- dred and forty-four. The bill charges, that the complainant is seized in fee and possessed of a tract of cedar swamp, in the township of Northampton, in the county of Burlington, con- taining ten acres, which has been owned and possessed by the complainant, and those under whom he claims, for upwards of sixty years, during which time they have exercised acts of ownership over it without interruption or molestation. The bill

* See *West* v. *Walker*, vol. ii. page 279; *Shreve* v. *Black et al.*, ante, page 177.

38*

then sets out the plaintiff's title, and the boundaries of the said tract, and further charges, that upwards of fifty years ago the timber growing on the said tract had been cleared off, and a new growth commenced; that the ordinary time for a growth of cedar to acquire maturity is about sixty or seventy years, during all which period the property is unproductive. That the only value of the premises consists in the wood and timber growing thereon, and that if stripped of the timber the injury is irreparable.

That Joseph E. West, under pretence of some claim to the said premises, has entered thereon and commenced cutting the timber; that on the twenty-ninth of April last he advertised the timber growing upon the said tract, for sale at public auction; that although the complainant attended at the time and place specified in the advertisement, and claimed the premises as his own, and forbid the sale; yet the said West, by offering the timber at very low prices, and in small lots, had tempted various persons to become purchasers; that in pursuance of such sales, he had executed in his name, as surviving executor of his father, George West, deceased, an instrument in the nature of a lease, for three years, to each of the purchasers, for the lots by them respectively purchased, with the privilege of cutting and removing the timber and trees growing thereon during said term, and at the expiration thereof, to yield up the possession to the said West, executor as aforesaid; that he has since that time been endeavoring to make sale of the residue of the said tract, and has sold some part thereof on the same terms as above set forth.

That the said West has no claim or title whatever to the said premises, and has never had the possession thereof, nor exercised any act of ownership over the same, either in his own right, or in the right of others under whom he may pretend to claim.

That the said West is engaged with a number of hands, in cutting and clearing off the timber upon a part of the said tract, and threatens entirely to clear off the same; and the complain-

ant fears that the purchasers of the said timber, as they purchased with knowledge of the complainant's claim, and under a limited period for cutting the timber, will also cut off the wood and timber by them respectively purchased, unless restrained by injunction.

That the said Joseph E. West is now a resident of the city of New-York; that as the complainant believes, he has no means in the state of New-Jersey with which to respond for the damages he is committing and threatens to commit on the complainant's property, and that he is insolvent in his circumstances; that the purchasers of the said timber, under the belief that the title of West is worthless, have combined and colluded with him to have the whole of the said timber cut off in the name of West, so that he alone shall be answerable in damages to the complainant; but that the timber, when cut off and removed, is to be taken by the said purchasers for their own benefit, and that by virtue of said agreement, West is proceeding to cut off the whole of the timber on the said tract.

That the timber now growing on the said premises, is of thrifty growth and not fully ripe; that the felling of it is doing an irreparable injury to the property; and that for the injury actually committed, the complainant has commenced an action of trespass in the supreme court, and that he intends to prosecute the same to final judgment, and to establish his title to the premises by the judgment of a court of law.

The bill prays that an injunction may issue to restrain the defendants from cutting, felling or working up any of the timber, wood or logs growing, lying or being on the said premises, or from removing the same, or from felling or disposing of any part thereof, or from executing any deed, lease or other assurance therefor, or from committing any waste, spoil or destruction on the said premises. On filing the bill, an injunction was issued as prayed for.

The answer of the defendants, filed on the first of June, eighteen hundred and forty-four, admits the alleged acts of cutting charged in the bill; but denies the title and possession of

[Kerlin v. West.]

the complainant to the tract on which the alleged trespasses were committed; alleges that the title and the possession of the said premises have been in West, and those under whom he claims, for a period of one hundred and twenty-one years; denies that the defendants have cut off, or intend to cut off the whole of the timber; but alleges that they are cutting off, and intend to cut off the burnt, dead and decayed timber only; denies that the injury is irreparable; denies the insolvency or inability of West to respond in damages for the alleged injuries to the complainant; denies the collusion or secret understanding charged in the bill, by which all liability for damages was to be thrown upon West; and denies all fraud and unlawful combination. The answer is joint and several, and in regard to its material allegations is made by West alone, the other defendants alleging that they are unacquainted with the facts and unable to answer touching the same.

The cause was argued at July term, eighteen hundred and forty-four, upon motion to dissolve the injunction.

*J. H. Sloan* and *H. W. Green*, for defendants, in support of the motion.

*Moffett* and *Vroom*, contra.

THE CHANCELLOR. The first question raised by the bill is, whether an injunction should issue to restrain a person acting under claim of right to premises, from committing trespass thereon.

From a careful examination of the authorities upon the point, I am satisfied that the court of chancery should not interfere in a case of naked trespass, where there is a full remedy at law. Yet where the circumstances of the case are so peculiar, as to bring it under the head of quieting a possession, or preventing a multiplicity of actions, or to put the value of the inheritance in jeopardy, or to threaten irreparable mischief, whether these circumstances relate to mines, quarries or woodland, this court will interfere. 6 *John. C. R.* 497; 7 *John. C. R.* 333.

[Kerlin v. West.]

The injury may be irreparable, either from the nature of the injury itself, or from the want of responsibility in the person committing it. *Hart* v. *Mayor of Albany*, 3 *Paige*, 214 ; *Smallman* v. *Onions*, 3 *Brown, C. R.* 623.

The embarrassment which is felt by the courts upon this subject arises, not so much from the want of a clear perception of the principle, as from the difficulty of its application to the ever varying cases that are continually arising. In applying it to woodland, particularly, it is not always easy to discriminate between the mere trespass, and the irreparable mischief, which may destroy the inheritance, or jeopard its value. That being done, the case is clear.

The charge of insolvency, if relied upon as a ground of equity, must be clearly and distinctly made out, and will be acted upon with great caution. In this case, the bill charges threats to cut off the whole of the timber growing upon a cedar swamp, where, by the natural growth, it could not be replaced in less than two, perhaps, three lives. If such threats were made and should be executed, the value of the inheritance must be put in jeopardy, perhaps destroyed, at least, the present value of the premises would be lost, and in this view the injunction was granted.

But the defendants, by their answer, deny the whole equity of the bill. They deny that the premises, on which the alleged mischief has been done, are within, or upon any part of those described in the complainant's title, as set forth in the bill. They deny any threats to cut off the whole timber, and the cutting of any, except of the dead timber, destroyed by fire, and two or three trees partly dead, and any intention of cutting other than the dead timber, and consequently, deny the irreparable injury charged. Upon this answer, the injunction must be dissolved, with costs.

Order accordingly.