WHITFIELD B. CASE
*vs.*
MURRAY ZEIFF

Superior Court      Fairfield County      File No. 64817

MEMORANDUM FILED MAY 14, 1942.

*Ned E. Ostmark,* of Fairfield, for the Plaintiff.

*Milton H. Belinkie,* of Bridgeport, for the Defendant.

BOOTH, J. The action is for an alleged breach by the defendant of an alleged contract between him and the plaintiff by the terms of which he agreed to refrain for the period of one year after leaving the employ of the plaintiff from entering into or associating himself with the business of selling box lunches within the City of Bridgeport or within any other municipality in which the business of the plaintiff might be carried on.

It is conceded that such contract was entered into by the parties and that within the time specified therein and within the territory described in the contract the defendant, in fact, associated himself with a rival of the plaintiff's business.

Such being the situation, it is obvious that *prima facie,* at least, the defendant has breached the contract in question.

The purpose of a temporary injunction is to preserve the *status quo* of the parties until the main issue between them is disposed of according to law. The *status quo* of the present parties appears to be that the defendant by his contract is prohibited from associating himself with rivals of the plaintiff. This status the plaintiff claims should be temporarily maintained while the defendant claims that to do so would be inequitable. However, it appears to the court that if the defendant is protected by a bond of the plaintiff and if the *status quo* above mentioned is maintained, the equities of the situation would at least be equalized.

The further claim of the defendant is that the evidence fails to disclose that the act of the defendant in breaching his contract would produce irreparable injury to the plaintiff. An injury is irreparable when from its nature it cannot be compensated for by damages or when the damages cannot be

ascertained by any certain measure. *Kerlin vs. West,* 4 N.J. Eq. 449.

In the opinion of the court the plaintiff's damage in the present case, while perhaps susceptible of determination to a certain extent, is not susceptible of determination to its full extent and is not estimable by an accurate standard but is estimable only by conjecture. Under such circumstances then, the damage must be found to be irreparable.

In view of the foregoing, it is ordered that the temporary injunction prayed for may issue, restraining the defendant from entering into the business of making or selling box lunches within the City of Bridgeport or within any other municipality in which the business of the Connecticut Box Lunch Company is at present being carried on for himself individually or as a partner, officer, director or stockholder of any corporation, or as an employee or assistant of any individual, partnership or corporation until further order of this court, under penalty of $1,000.

It is further ordered that before the above injunction shall issue, the plaintiff shall furnish the defendant a good and sufficient bond in the amount of $1,000 indemnifying him against any loss or damage arising out of the issuance of said injunction.