[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR TEMPORARY AND PERMANENT INJUNCTION
The plaintiff, Guardsmark, Inc., has brought this action seeking injunctive and other relief. The defendant, Effective Security Systems, Inc. ("Effective"), is a competitor of the plaintiff in the business of providing security services to Fortune 500 corporations. The individual defendants are all former employees of the plaintiff who were employed at one of two sites occupied by the IBM Corporation and serviced by the plaintiff prior to May 2, 1992.
The dispute giving rise to this litigation is the result of the decision by IBM to replace the plaintiff with the defendant in the providing of security personnel for its Hamden and Milford locations.
By the time it commenced operations for IBM on May 2, 1992, the defendant had hired the named defendants who continued to perform the same duties at the same locations as they had previously on behalf of the plaintiff.
The plaintiff seeks injunctive relief on the basis of a clause in the employment contracts of the individual defendants which prohibits them, for a period of one year, from working for the defendant at the same site where they performed guard services for the plaintiff within the preceding twelve months.
The parties dispute the reasonableness of the clause in question and the defendants argue there is no irreparable harm suffered by the plaintiff and consequently injunctive relief is not warranted. By agreement, the single hearing on injunctive relief is to be considered as a hearing for permanent relief.
 I.
The restrictive covenant in the employment contract reads as follows in pertinent part: CT Page 8019
 "8. (a) Employee hereby agrees that following the termination of employment with GUARDSMARK, whether voluntary or involuntary, for a period of one year thereafter he (she) will not perform or hire others to perform any security services at the site, place or location where he (she) performed security services within the immediate preceding twelve (12) months of his (her) employment with GUARDSMARK."
All employee-defendants admit to having signed the contract, but gave varying responses as to whether they read it and understood it. In some cases, it was the employee's claim that the signing of this and the other documents was somewhat hurried and routine with no realization of their significance. It was also suggested that the plaintiff's agent did little or nothing to explain documents and contributed to the impression that the whole process was a mechanical routine.
No defendant testified to being actually misled and no one stated that he or she could not have signed the contract had the contents of 8(a) been highlighted. In brief, these defendants have not interposed defenses of fraud, mistake, misrepresentation, or duress. It is the duty of an adult who can read and write to read a written contract affecting his pecuniary interests. G R Tire Distributors, Inc. v. Allstate Ins. Co.,177 Conn. 58, 62 (1979). Consequently, the court cannot ignore basic contract law and conclude the plaintiff has no rights under these contracts.
The court finds that the employee-defendants have violated the covenant voluntarily and knowingly.
 II.
The defendants argue that the plaintiff has not shown irreparable harm and thus is not entitled to injunctive relief. However, it appears to be well-settled in Connecticut law that in actions to enforce restrictive covenants, the irreparable harm would result from the breach of the defendants' (employees') promises. Mattis v. Lally, 138 Conn. 51, 56 (1951). This principle evolved from an earlier case, Torrington Creamery v. Davenport, 126 Conn. 515 (1940), where, at page 521, the court stated that a restrictive covenant is a valuable business asset which is entitled to protection. Subsequent cases have enunciated a further basis for this treatment of restrictive covenants. In Case v. Zeiff, 10 Conn. Sup. 530 (1942), the court CT Page 8020 noted that:
 "An injury is irreparable when from its nature it cannot be compensated for by damages or when the damages cannot be ascertained by any certain measure." Id. at 531-532, citation omitted.
The arguments of counsel and the evidence elicited in this hearing emphasize the difficulty in proving and assessing damages for these breaches.
 "While it is correct that the plaintiff would have an action at law for damages for any further injury from the defendants, that hardly prevents equitable relief in this case for at least two reasons. Firstly, as we have said, `[t]he prevention of a multiplicity of actions at law is one of the special grounds of equitable jurisdiction, and for that purpose the remedy by injunction is freely used, and that, too, although there may be a legal remedy.' Hammerberg v. Leinert, 132 Conn. 596, 602, 46 A.2d 420 (1946); see also 4 Pomeroy, Equity Jurisprudence (5th Ed. Symonds) 1357. Secondly, the circumstance that the injury or the potential for injury is of a continuing nature permits the intervention of equity. See Burroughs Wellcome Co. v. Johnson Wholesale Perfume Co., supra, 604; Robertson v. Lewie, supra, 346-47; 5 Clark, Water and Water Rights 458.1. It is, therefore, settled that injunctive relief is designed to prevent that which the defendants argue as a reason to preclude such relief, i.e., a multiplicity of lawsuits."
Berin v. Olson, 183 Conn. 337, 342-343 (1981), cited in Gardocki v. Goldring Home Inspections, Inc., 5 Conn. L. Rptr. No. 5, 126 (November 4, 1991) (Hodgson, J.).
It is the conclusion of the court that the plaintiff is entitled to equitable relief subject to a determination as to the reasonableness and hence the enforceability of the covenant.
III. CT Page 8021
In evaluating the covenant in question, the court has before it several prior court tests of this same clause in the plaintiff's contracts. Courts in Arkansas, Michigan, Oklahoma, Tennessee and Texas have held these covenants reasonable and enforceable. These same parties, that is, i.e., Guardsmark and Effective have dueled before over the covenants. Effective has not cited any case in which it was successful.
Nevertheless, out of deference to the individual defendants, the court will evaluate the clause again. It should be noted that though Tennessee law governs this employment contract, the plaintiff stated in opening argument and the defendant did not demure that in this area of the law Tennessee and Connecticut law are virtually identical. The court's research supports this view.
The clause in question is restricted to only two locations in the whole state — the IBM locations in Milford and Hamden. The time limitation is one year. It does not remove the defendants from the security field and does not prohibit Effective from using them elsewhere. In fact, it apparently does not prohibit Effective from using the Hamden staff in Milford and vice-versa, so long as they had not in the previous twelve months served at both locations.
In its post-hearing memorandum, the defendants argue that the clause is unreasonable because had the defendant-employees worked at ten or twenty Guardsmark sites, their ineligibility would attach to ten or twenty sites, rendering them unemployable over a wide area for a full year.
However, that is not the case for a single employee-defendant and the court is looking at this case from the standpoint of what the situation is, not what it might be. Injecting extreme and inapplicable hypotheticals does not assist the defendants' cause.
The defendants also argue unreasonableness because the plaintiff did not exert its best efforts to find other work for the employee-defendants in question. Admittedly, the evidence on this issue was not clear. While the plaintiff's manager claimed to have offered suitable local positions to some of the defendants, they denied this. One thing that was clear was that all of the individual defendants stated a preference for staying where they were and working at the IBM sites regardless of the identity of their employer.
The applicable standards for evaluating the enforceability of a restrictive covenant have been set forth by our Supreme CT Page 8022 Court in Scott v. General Iron Welding Co., 171 Conn. 132 at 137 (1976):
 "In order to be valid and binding, a covenant which restricts the activities of an employee following the termination of his employment must be partial and restricted in its operation `in respect either to time or place, . . . and must be reasonable — that is, it should afford only a fair protection to the interest of the party in whose favor it is made and must not be so large in its operation as to interfere with the interests of the public. Cook v. Johnson, 47 Conn. 175, 186; May v. Young, 125 Conn. 1, 5, 2 A.2d 385; Samuel Stores, Inc. v. Abrams, 94 Conn. 248, 253, 108 A. 541, 9 A.L.R. 1450.' Torrington Creamery, Inc. v. Davenport, 126 Conn. 515, 519-20, 12 A.2d 780, see Oregon Steam Navigation Co. v. Windsor, 87 U.S. (20 Wall) 64, 66-67. The interests of the employee himself must also be protected, and a restricted covenant is unenforceable if by its terms the employee is precluded from pursuing his occupation and thus prevented from supporting himself and his family. See May v. Young, supra.
In Robert Weiss Associates, Inc. v. Wiederlight, 208 Conn. 528
(1988), the court indicated that in determining reasonableness, time and geographical restrictions are to be reviewed or intertwined considerations. Thus, a restriction for a short period of time over a large area might be reasonable as well as one for a long period of time covering a small area.
The court also indicated that the assessment of reasonableness must be made in light of the employer's business. Basically, the area must be one in which the employer does business but the employee cannot be unfairly restricted in his or her ability to pursue his or her occupation. Id. at 531 and 532.
As a result of the enforcement of this restriction, these employee-defendants can work as security guards any place in Connecticut, the sole exclusion being a site in Hamden and a site in Milford. This restriction would only be for one year.
It is difficult to imagine a less restrictive requirement. CT Page 8023 That the plaintiff's business is in the area is unquestioned.
The court concludes that the restrictive covenant in this; case is reasonable and has a direct bearing on the plaintiff's business. It is also found that the clause is not an unreasonable burden on the employee-defendants. Further, it serves to protect a legitimate business interest in preventing an unfair appropriation of the plaintiff's good will while discouraging the kind of unfair competition that would benefit no one.
Conclusion
This court finds that the plaintiff is entitled to enforce the covenant in question by injunction of a permanent nature.
Counsel for the plaintiff will prepare a proposed order to effect this conclusion and for the court's signature.
The defendant George Cole may be excluded from the order as he is no longer employed by Effective and the parties agree the issues are academic as to him.
Anthony V. DeMayo, Judge