THE TORRINGTON CREAMERY, INC. *v.* PRESTON J. DAVENPORT.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 5—decided April 16, 1940.

*David Cramer,* for the appellant (defendant).

*Charles P. Roraback,* for the appellees (plaintiffs).

AVERY, J.   This action was brought by The Sunny Valley Corporation and The Torrington Creamery, Inc., to enforce a restrictive covenant against entering a competitive business, contained in a contract of employment as a branch manager entered into by the defendant with The Sunny Valley Corporation.   After a demurrer to the complaint had been overruled, the case was tried to the court and judgment entered in favor of the plaintiffs, from which the defendant has appealed.   The facts material to the questions raised upon this appeal are these: In 1932, the High Brook Corporation, controlled by Lawrence Brigham, of Cornwall, employed the defendant as farm manager and superintendent.   When the corporation started the distribution of milk in the Torrington area, the defendant was in charge of the Torrington branch for

a period of about three months, while Mr. Brigham was in control of the company.  In 1934, Mr. Brigham's interest in the corporation was acquired by George D. Pratt, the defendant, and others.  The defendant knew the customers and accounts of the Torrington branch of the business.  From 1934 until about March, 1938, the defendant devoted about half of his time to the management of a farm of the company at Cornwall Bridge, and the other half to managing the Torrington branch.  About March 1, 1938, the High Brook Corporation had its name legally changed to The Sunny Valley Corporation, and George D. Pratt was the owner of most of its stock.  It was then engaged in the business of distributing milk and dairy products in the towns of Torrington, Winsted, Litchfield, Thomaston, New Milford, New Preston, and Greenwich.

Soon afterward, Mr. Pratt and the defendant had a conversation with reference to the severance of relations between the corporation and the defendant, and the defendant suggested that he had certain plans for the improvement of the business and asked if he could attempt, for a period of five or six months, to carry these plans into effect as a full time manager.  Mr. Pratt told the defendant that he would prefer to have him on a contract, because if the defendant did sever relations with the company it would place him in an advantageous position in regard to its business.  In accordance with this conversation, on April 15th, a contract was entered into between the defendant and The Sunny Valley Corporation.  By the terms of that contract, it was agreed that the defendant should be employed by The Sunny Valley Corporation as branch manager of its Torrington branch, at a compensation fixed in the contract, with no specific term of employ-

ment. The contract also contained the following covenants on the part of the defendant:

II. That in the event that his employment is terminated for any cause, he will not thereafter for a period of two (2) years after leaving the same employment solicit orders, directly or indirectly, from any customers of the Party of the First Part, or those of [its] successor if any, for such products as are sold by the Party of the First Part, or [its] successor, either for himself or as an employee of any person, firm or corporation.

III. That he will not, for a period of two (2) years after the termination of said employment, engage directly or indirectly, either personally or as an employee, associate, partner, manager, agent or otherwise, or by means of any corporate or legal device, in the same business as that of the Party of the First Part, or [its] successor, within the towns of Torrington, Winsted, Litchfield, Thomaston, Oakville, Bantam, Watertown, New Milford, New Preston, or Greenwich.

V. Should any part or portion of this instrument be adjudged invalid by any competent tribunal, the remainder, which could stand alone and be deemed valid, shall be taken as the operating and inducing portion, and shall be enforceable in equity.

Thereafter, the defendant continued to be employed under the terms of that contract until October, 1938. At that time, The Sunny Valley Corporation sold to The Torrington Creamery all of its retail and wholesale dairy products business, together with all the goodwill of the same as of October 18, 1938, in the city of Torrington, and in the towns of Litchfield,

Bantam, Thomaston, Watertown, Oakville, and Winsted. There was no specific assignment made of the contract between The Sunny Valley Corporation and the defendant. However, the sale was finally evidenced by a bill of sale executed December 1, 1938. Immediately after the sale was agreed upon, The Sunny Valley Corporation discharged the defendant from its employ as of October 18, 1938. Since that time, the corporation has sold milk and other products to The Torrington Creamery for distribution by it in the Torrington area. In February, 1939, the defendant started in the business of producing milk and dairy products and of selling and distributing them in the towns of Torrington and Litchfield, and has carried on that business until the present time.

It is to be noted that the plaintiffs in their complaint did not ask for the enforcement of the restrictive covenant of the contract except in the towns of Torrington and Litchfield, the area served by the Torrington branch of the corporation. The defendant, by reason of his employment by the Torrington branch of the company, was in a position to become acquainted with and to know the customers of the company in that area and their requirements, and was in an especially favorable position to compete with the company in that area in case his connection with the company terminated and he desired to engage in the same line of business. A covenant restricting the activities of an employee after the termination of his employment in order to be valid and enforceable must be partial or restrictive in its operation in respect either to time or place, must be on some good consideration, and must be reasonable—that is, it should afford only a fair protection to the interest of the party in whose favor it is made and must not be so large in its operation as to interfere with the interests of the public.

*Cook* v. *Johnson,* 47 Conn. 175, 176; *May* v. *Young,* 125 Conn. 1, 5, 2 Atl. (2d) 385; *Samuel Stores, Inc.* v. *Abrams,* 94 Conn. 248, 253, 108 Atl. 541, 9 A. L. R. 1450. In the instant case, the contract by its terms was severable and the covenant was sought to be enforced only in the towns of Torrington and Litchfield, where the defendant had special knowledge of the customers of the plaintiffs. The contract as sought to be enforced was limited in space, and by its terms was limited in time to a period of two years. The restrictions on the activities of the defendant were thus much less drastic than those in the *Samuel Stores* case, supra. The employment of the defendant by the plaintiffs was a sufficient consideration for the contract and there is nothing in the finding to indicate that the interest of the public will be prejudiced by its enforcement. We hold, therefore, that this case is governed by our decision in *May* v. *Young,* supra.

While, under the contract, The Sunny Valley Corporation could discharge the defendant at any time, this did not make the contract one lacking in mutuality as regards the enforcement of the covenant in question and the corporation was under no obligation as a condition to enforcing it to offer to continue him in its employ. *Roessler* v. *Burwell,* 119 Conn. 289, 293, 176 Atl. 276. It is of no consequence that the defendant acquired a large part of his knowledge of the business of the corporation before the making of the contract in question; nor is the right of the promisee in such a contract to enforce it dependent upon the fact that the employee had been entrusted with trade secrets, become possessed of confidential information, or stood in any peculiarly confidential relationship to the corporation. *Roessler* v. *Burwell,* supra; *Dyar Sales & Machinery Co.* v. *Bleiler,* 106 Vt. 425, 433, 175 Atl. 27; *Eureka Laundry Co.* v. *Long,* 146 Wis.

205, 131 N. W. 412; notes, 9 A. L. R. 1467, 20 A. L. R. 864, 52 A. L. R. 1364, 67 A. L. R. 1004, 98 A. L. R. 966. The terms of the injunction issued did not go beyond the provisions in the contract or beyond what the trial court might deem reasonably necessary for the protection of the business of the creamery company.

Where an employee enters into a restrictive covenant such as the one in this case, it becomes a valuable asset of the business and upon the sale of that business the benefits of the covenant may be assigned to the purchaser. *Francisco* v. *Smith,* 143 N. Y. 488, 38 N. E. 980; 5 C. J. 878, 6 C. J. S. 1071. Where, as in this case, the proprietor of the business sells it in its entirety to another, in equity the seller will be deemed to have assigned so much of the benefit of the contract as is severable and necessary for the protection of the business sold to the purchaser. *Trowbridge* v. *Denning,* 18 N. J. L. 236. The creamery company, as assignee, could have brought the action in its own name or in that of The Sunny Valley Corporation. Under the circumstances, either was a proper party plaintiff. General Statutes, § 5531; *Smith* v. *Waterbury & Milldale Tramway Co.,* 99 Conn. 446, 451, 121 Atl. 873; *Newman* v. *Gaul,* 102 Conn. 425, 435, 129 Atl. 221. The joinder of the two parties could in any event have done no harm to the defendant, nor did he make the claim that they were misjoined in the only way permitted under our practice. Practice Book, § 65; *West Haven* v. *Aimes,* 123 Conn. 543, 548, 196 Atl. 774. This consideration disposes also of the ruling upon evidence. At the trial, George D. Pratt, president of The Sunny Valley Corporation, upon cross-examination, was asked whether his company would have brought the action unless importuned or solicited to bring it by The Torrington Creamery. The question was objected to and the objection sustained. This

ruling was correct. Inasmuch as The Torrington Creamery as beneficial owner of the contract had the right to the assistance of The Sunny Valley Corporation for its enforcement it is immaterial whether The Sunny Valley Corporation joined as plaintiff of its own motion or because of importunity by The Torrington Creamery.

There is no error.

In this opinion the other judges concurred.