Dr. L.M. SALITERMAN and Associates,
P.A., etc., Appellants,

v.

Dr. Mark FINNEY, D.D.S., Respondent.

No. C1–84–1621.

Court of Appeals of Minnesota.

Jan. 22, 1985.

Maher J. Weinstein, Moss & Barnett, Minneapolis, for appellants.

Paul L. Ratelle, Barna, Guzy, Merrill, Hynes & Giancola, Ltd., Minneapolis, for respondent.

Considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant questions a holding that a non-compete covenant in an employment agreement may not be assigned ancillary to the sale of a business, and a finding that respondent "at no time assented to any assignment [of this] agreement," despite contractual language to the contrary. We reverse and remand.

Respondent challenges the propriety of the trial court's order enjoining him from using confidential information obtained from appellant, his employer, when this information is not a "trade secret." We affirm.

## FACTS

Appellant Dr. L.M. Saliterman and Associates, P.A., is a Minnesota corporation doing business as Family Dental Centers of Minnesota, Inc., located in Brooklyn Park. Appellant purchased this dental practice from Dr. Richard W. Rother in April 1984. Rother purported to assign all his rights and obligations under an October 17, 1983, independent contractor agreement negotiated with respondent Dr. Mark Finney, a licensed dentist.

By the terms of the independent contractor agreement, respondent would, for one year beginning November 1, 1983, "perform all services necessary to the operation of a dental practice" at Dr. Rother's Brooklyn Park office facility. The agreement also contained a restrictive covenant whereby respondent agreed not to practice dentistry within three miles of the Brooklyn Park office facility for three years "after the termination (for any reason) or expiration of this agreement." The agreement also provided that all dental records used and maintained by Rother for respondent's benefit would "at all times remain property of Rother," inaccessible to respondent upon termination. The final paragraph provided: "This agreement shall bind the successors if any in interest to the parties."

In June 1984, respondent terminated employment with appellant. Shortly thereafter he established a dental practice within three miles of appellant's office facility. He actively solicited appellant's patients by using confidential patient lists belonging to appellant. Appellant initiated this action for injunctive relief, claiming breach of the 1983 agreement, breach of fiduciary duty, and misappropriation of trade secrets.

After an evidentiary hearing, the trial court found respondent had breached his common law fiduciary duty, and granted a temporary injunction prohibiting respondent from soliciting persons on appellant's patient list. Additionally, however, the court concluded that respondent's restrictive covenant was not assignable and the court denied appellant's motion for a tem-

porary injunction to restrain respondent from practicing dentistry at his new Brooklyn Park location. Both parties challenge the trial court decision.

## ISSUES

1. Is a restrictive covenant not to compete embraced in an employment agreement assignable as part of the sale of a business to protect the goodwill of that business?

2. Has a contract obligor assented to assignment by agreeing the contract binds successors?

3. Does Minnesota's Uniform Trade Secrets Act preclude a court from granting injunctive relief for breach of the common law duty of an employee not to disclose or use confidential information gained at his employer's expense?

## ANALYSIS

■ The trial court's temporary injunction rulings are largely a matter of judicial discretion. "[T]he sole question presented on appeal is whether there was a clear abuse of such discretion by the trial court by a disregard of either the facts or the applicable principles of equity." *Cramond v. AFL–CIO,* 267 Minn. 229, 234, 126 N.W.2d 252, 257 (1964). On appeal, "this court will view the facts alleged in the pleadings and the affidavits as favorably as possible to the party who prevailed below." *Paradata of Minnesota, Inc. v. Fox,* 356 N.W.2d 852, 854 (Minn.Ct.App.1984).

■ In determining whether to grant a preliminary injunction, the trial court must consider five factors:

(1) the nature of the relationship between the parties before the dispute giving rise to the request for relief;

(2) the harm to be suffered by the moving party if the preliminary injunction is denied as compared to that inflicted on the non-moving party if the injunction issues pending trial;

(3) the likelihood of success on the merits;

(4) the public interest; and

(5) administrative burdens in enforcing a temporary decree.

*Edin v. Jostens, Inc.,* 343 N.W.2d 691, 693 (Minn.Ct.App.1984).

## I.

Appellant disputes a trial court decision that a noncompete covenant cannot be assigned. The issue is one of first impression in Minnesota.

Relying exclusively on *Egner v. States Realty Co.,* 223 Minn. 305, 26 N.W.2d 464 (1947), the court stated in a memorandum that public policy precluded assignability of rights set forth in the agreement between respondent and Dr. Rother, because the agreement was based on "personal confidence or trust between the parties." Respondent undertook to serve only Dr. Rother.

In *Egner,* the court held that one who contracts to provide personal services to another cannot unilaterally delegate his duties to a third person, particularly where the contract reveals it was based on personal confidence or trust. *Id.* at 312–13, 26 N.W.2d at 469–70. *Egner,* however, dealt with personal service obligations and did not involve a restrictive covenant. Here respondent's personal services are not at issue. The issue here is whether a noncompete covenant in an employment agreement is assignable to protect the goodwill of a business that is being sold.

■ A noncompete covenant in an employment agreement will be enforced when necessary to protect the goodwill of the employer's business. *See Walker Employment Service, Inc. v. Parkhurst,* 300 Minn. 264, 219 N.W.2d 437 (1974); *Granger v. Craven,* 159 Minn. 296, 199 N.W. 10 (1924).

Additionally, the Minnesota Supreme Court has long recognized the uniquely vulnerable goodwill of patients which belongs to the owner of a medical practice. *Granger,* 159 Minn. at 303, 199 N.W. at 13. Elaborating on this theme in *Walker,* the court stated:

Enforcement of restrictive covenants against professional employees is based on the relationship that is created, as for example, between a doctor and his patients. Once this relationship is formed,

it is beyond question that a doctor's patients will seek his aid regardless of this doctor's employment situation.

*Walker,* 300 Minn. at 271, 219 N.W.2d at 441.

Does it follow that goodwill protected by an employee's covenant can be assigned?

Other jurisdictions have held noncompete covenants are assignable as part of business assets.

In *Torrington Creamery, Inc. v. Davenport,* 126 Conn. 515, 12 A.2d 780 (1940), the purchaser of a milk distribution business sought to enforce a non-competition covenant in a written employment agreement executed by an employee and the former owner of the business. The court held the covenant was assignable and therefore enforceable by the purchaser:

> Where an employee enters into a restrictive covenant such as the one in this case, it becomes a valuable asset of the business and upon the sale of that business the benefits of the covenant may be assigned to the purchaser.

*Id.* at 521, 12 A.2d at 783. Furthermore, the sale of a business in its entirety was deemed to convey contract benefits needed "for the protection of the business sold to the purchaser." *Id.*

The rationale of *Torrington Creamery* was used in *Safier's, Inc. v. Bialer,* 42 Ohio Op. 209, 93 N.E.2d 734 (Common Pleas Ct.1950). There the court held that a valid non-competition covenant is enforceable by a purchaser, particularly when the agreement embracing the covenant employed words that indicated assignment was contemplated or considered by the parties. *Id.* at 213, 93 N.E.2d at 739.

■ We conclude that a covenant not to compete in an employment agreement is assignable ancillary to the sale of a business to protect the goodwill of that business. The trial court's finding to the contrary preempted a proper measure of equitable reasons for a temporary injunction to enforce the noncompete covenant.

## II.

Appellant also challenges the trial court finding that respondent "at no time assent-ed to any assignment [of this] agreement." Respondent denied he agreed his obligation could be assigned.

■ As appellant notes, the Restatement (Second) of Contracts states:

> A term of a contract manifesting an obligor's assent to the future assignment of a right * * * is effective despite any subsequent objection.

Restatement (Second) of Contracts § 323(1) (1979).

■ The employment agreement expressly states that the agreement will "bind the successors if any in interest to the parties." The agreement is effective despite respondent's subsequent objection.

■ Respondent contends assent is not stated by an agreement on rights of successors. We disagree. The contract language manifests that the parties contemplated and assented to the future assignment of their respective interests, unconditionally.

## III.

■ Respondent argues that he can be prohibited from using only information shown to be a "trade secret" as defined in the Uniform Trade Secrets Act, Minn.Stat. §§ 325C.01, subd. 5 (1982). However, appellant's theory of liability is not limited to misappropriation of trade secrets. *See Electro-Craft Corp. v. Controlled Motion, Inc.,* 332 N.W.2d 890 (Minn.1983). The Uniform Trade Secrets Act is not "a catchall for industrial torts." *Id.* at 897 (footnote omitted).

■ Appellant alleged that respondent breached contractual and common law duties in addition to misappropriating trade secrets. It is not necessary that information be a trade secret to be protected. The Minnesota Supreme Court has stated:

> A trial court may issue an injunction against a party who has, in violation of an explicit agreement or a common law duty, wrongfully used confidential information or trade secrets obtained from his employer.

*Cherne Industrial, Inc. v. Grounds & Associates, Inc.,* 278 N.W.2d 81, 92 (Minn.

1979) (citation omitted). *See also Jostens, Inc. v. National Computer Systems,* 318 N.W.2d 691, 701 (Minn.1982).

 Evidence indicates and the trial court found that respondent actively solicited appellant's current patients by wrongfully using confidential patient lists belonging to appellant. The court properly concluded that respondent breached his common law duty not to disclose or use confidential information gained at the expense of his employer. *Id.*

## DECISION

The trial court erred in holding that a noncompete covenant was not assignable. Further, the court could not disregard contract language assenting to rights of successors in interest. We reverse and remand for further proceedings. We affirm the trial court's decision to enjoin respondent's use of appellant's patient list.

Affirmed in part, reversed in part, and remanded.