**MICRO DISPLAY SYSTEMS, INC., Plaintiff,**

v.

**AXTEL, INC., and Peter Knoll, Individually, Defendants.**

**AXTEL, INC., and Peter Knoll, Individually, Third Party Plaintiffs,**

v.

**John D. HILDEBRANDT and Stephen Sowada, Third Party Defendants.**

**No. 3–87 CIV 669.**

United States District Court, D. Minnesota, Third Division.

Nov. 15, 1988.

Popham, Haik, Schnobrich & Kaufman by Bruce Little, Minneapolis, Minn., for plaintiff.

Lommen, Nelson, Cole & Stageberg, P.A. by Raul A. Gasteazoro, Jr., Minneapolis, Minn., for defendants.

### ORDER

ALSOP, Chief Judge.

## I. BACKGROUND.

This case involves a nine-count suit brought by plaintiff Micro Display Systems, Inc. ("MDS") against Axtel, Inc., and Peter Knoll, who are currently competing against MDS in the computer technology industry. In briefest form, the facts as alleged by plaintiff are as follows.

Peter Knoll, in conjunction with a Malte Gruenwald, devised a scheme to obtain an MDS product, THE GENIUS, from which they would copy the technology and produce a product which would compete with THE GENIUS. In order to do this, Knoll lied about his identity and intentions and acquired a demonstration model of THE GENIUS well before he would have been able to obtain one on the "open market." Knoll was also made privy to certain confidential information and obtained non-secret, but technical, assistance from employees of MDS who were under the impression that Knoll was a potential original equipment manufacturer ("OEM"). Eventually, Knoll did develop a product to compete with THE GENIUS. MDS then filed suit, with most of the counts centering on Knoll's misappropriation of trade secrets and non-secret information and services from MDS. Both parties have now moved for partial summary judgment. Defend-ants claim that several of the common law counts are displaced by the Minnesota Uniform Trade Secrets Act ("MUTSA"). Plaintiff's motion is based on the substantive grounds of four of the common law counts.

## II. STANDARD OF REVIEW.

The Supreme Court has reaffirmed summary judgment as a tool to isolate and dispose of claims or defenses which are either factually unsupported or which are based on undisputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2553–2554, 91 L.Ed.2d 265 (1986); *Hegg v. United States*, 817 F.2d 1328, 1331 (8th Cir.1987). Summary judgment is proper, however, only if examination of the evidence in a light most favorable to the non-moving party reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The test for whether there is a genuine issue over a material fact is two-fold. First, the materiality of a fact is determined from the substantive law governing the claim. Only disputes over facts that might affect the outcome of the suit are relevant on summary judgment. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512; *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir.1987). Second, any dispute over material fact must be "genuine." A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512. It is the non-moving party's burden to demonstrate that there is evidence to support each essential element of his claim. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

## III. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT.

Defendants have moved for partial summary judgment on Counts II through VIII. These counts, in order, allege: interference with contractual relations, misappropriation, conversion, misrepresentation, con-

spiracy, unjust enrichment, and unfair competition. Defendants urge the court to dismiss these claims on the grounds that these counts are nothing more than a series of tort claims, disguised under various headings, for the misappropriation of trade secrets. As such, they are displaced by the MUTSA.

Section 325C.07 of the MUTSA states that:

Sections 325C.01 to 325C.07 displace conflicting tort, restitutionary, and other law of this state pertaining to civil liability for misappropriation of a trade secret.

Minn.Stat. § 325C.07(a) (1980).

Defendants argue that for section 325C.07 to have any meaning, it must apply in this case to bar Counts II through VIII. They argue that the purpose of the Uniform Trade Secrets Act was to prevent the piecemeal and fragmentary development of law regarding trade secrets. It was to "preempt" other types of recovery for the misappropriation of trade secrets and replace it with a uniform method of dealing with litigation involving trade secrets. Using this analysis, defendants claim that Counts II through VIII have as their integral element the misappropriation or misuse of trade secrets, therefore, these counts are all subsumed into Count I, which alleges violation of the MUTSA.

Plaintiff urges a different interpretation of section 325C.07. It claims that this section is meant only to displace *conflicting* law regarding trade secrets. Under its interpretation of "conflict," only that law which is directly contrary to the MUTSA is displaced. Counts II through VIII do not contradict the Trade Secrets Act but, rather, complement it; therefore, they are not displaced by it. As an example, plaintiff feels the common law tort of misappropriation of trade secrets is entirely consistent with, and complementary to, the MUTSA. Therefore, both causes of action can be brought in the same suit.

In support of this position, plaintiff cites various cases, but especially relies on two cases from the Minnesota Court of Appeals: *Saliterman v. Finney*, 361 N.W.2d 175 (Minn.Ct.App.1985) and *Rehabilitation Specialists, Inc. v. Koering*, 404 N.W.2d 301 (Minn.Ct.App.1987). In *Saliterman*, the court stated that: "The Uniform Trade Secrets Act is not a 'catch-all for industrial torts.'" 361 N.W.2d at 178 (quoting *Electro-Craft Corp. v. Controlled Motion, Inc.*, 332 N.W.2d 890 (Minn.1983)). Plaintiff cites *Rehabilitation Specialists* for the proposition that complementary counts may be brought with the MUTSA, because in that case the court reversed a summary judgment for the defendant and remanded a case which included counts for breach of duty of loyalty and unfair competition, as well as a count for the misappropriation of confidential business information.

The court appreciates the difficulties the parties have had in dealing with the interpretation of this statute. It agrees with both parties in the sense that a definitive interpretation of this section has yet to be given by a Minnesota appellate court, let alone the Supreme Court. This court's interpretation of the statute varies from that given by both parties and is as follows.

The court first notes that section 325C.07 is clear in that *some* prior law is meant to be displaced, otherwise the subsection would be superfluous. However, the court does not think the displacement is to be as widespread as defendants wish, nor as limited as plaintiff contends. The plaintiff's interpretation would allow simultaneous common law and statutory actions in the same trade secret case. This court disagrees. In *Electro-Craft*, the Minnesota Supreme Court said the MUTSA "carries forward, explains, and clarifies many of the rules of the common law of trade secrets. To the extent, however, that the Act modifies the common law, we are constrained to give effect to the statutory language." 332 N.W.2d at 898. Stated another way, the common law of trade secrets is now changed to correlate exactly to the MUTSA. Any variation of common law from the statute is a conflict and is displaced by the MUTSA. Therefore, a separate cause of action for misappropriation of trade secrets is now displaced and such actions must be brought under the MUTSA.

However, the displacement of the common law is not as broad as defendants suggest. Only that law which conflicts with the MUTSA is displaced. Conflicting law is that law dealing exclusively with trade secrets. To the extent a cause of action exists in the commercial area *not* dependent on trade secrets, that cause continues to exist. For example, in *Rehabilitation Specialists,* causes of action were allowed to be brought simultaneously for breach of a duty of loyalty and unfair competition, as well as for trade secrets. In that case the first two causes of action had as their underlying wrong the soliciting of customers and employees by the defendant while still employed by the plaintiff. The MUTSA claim was based on the misappropriation of the plaintiff's policy and procedures manual. The common law and statutory counts, therefore, addressed distinct "wrongs." The MUTSA used in this manner is not "a catch-all for industrial courts," but is the distinctive way in which to prosecute actions involving trade secrets.

Using this interpretation of section 325C.07, the court will allow plaintiff to go forward and maintain its separate causes of action to the extent that the causes of action have "more" to their factual allegations than the mere misuse or misappropriation of trade secrets.

At the present time, the court feels that all plaintiff's allegations, even though redundant to some extent, have sufficient fact allegations in addition to the misappropriation of trade secrets to allow them to remain. Plaintiff has alleged in its pleadings and at oral argument that it seeks recovery not only for the misappropriation of trade secrets, but for the method and manner defendants used to accomplish the alleged misappropriations, the head start in the industry they derived because of the misrepresentations, the technical assistance and support received from MDS employees, and for defendant Knoll's misrepresentations of who he was and what his intentions were. A full record at trial is necessary to determine whether these facts were indeed present, or whether the only real harm was the alleged misappropriation of trade secrets. If the facts at trial disclose that the whole of plaintiff's case involves the misappropriation of trade secrets, those counts will be dismissed which are merely duplicative of the MUTSA. However, until a full factual record is established, there exist genuine issues of material fact and defendants' motion for partial summary judgment will be denied.

## IV. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.

Plaintiff requests summary judgment as against the defendants on four common law counts: unfair competition, misrepresentation, unjust enrichment, and conversion. Plaintiff has pointed to various admissions, correspondences of the defendants, and actions taken by the defendants to prove that they are liable under these causes of action. Defendants, on the other hand, have offered a different view of the facts and have pointed out additional ones not relied on by plaintiff. The court finds that these differences involve genuine issues as to material fact, and in light of the fact specific nature of these claims, the court will deny plaintiff's motion for partial summary judgment.

Based on the record as presently constituted, the arguments of counsel, and all the files and records herein,

IT IS ORDERED That:

1. Defendants' motion for partial summary judgment on Counts II, III, IV, V, VI, VII and VIII is DENIED.

2. Plaintiff's motion for partial summary judgment on Counts IV, V, VII, and VIII is DENIED.