869 F.Supp. 732 (1994)
COULTER CORPORATION, Plaintiff,
v.
William Patrick LEINERT, et al., Defendants.
No. 4:93CV01930 GFG.
United States District Court, E.D. Missouri, Eastern Division.
November 29, 1994.
*733 Edward M. Goldenhersh, Vice-President, Greensfelder and Hemker, St. Louis, MO, for plaintiff.
Virginia C. Carmody, Millsap and Singer, Charles A. Seigel, III, Partner, St. Louis, MO, for defendants.
Alan G. Gerson, Blumenfeld and Kaplan, St. Louis, MO, for movants.

ORDER
GUNN, District Judge.
This matter is before the Court on defendants' motion to dismiss, or in the alternative, to strike portions of plaintiff's complaint and on defendants' subsequent motion to dismiss plaintiff's complaint amended by interlineation.
Plaintiff filed suit against a former employee, William P. Leinert and his closely held corporation, Leinco Technologies, Inc. ("Leinco"). In the complaint, plaintiff alleges that Leinert, while employed by plaintiff, misappropriated trade secrets and later transferred the trade secrets and confidential and proprietary information to third parties for personal gain, in violation of contractual obligations, common law duties, and various statutes.
Defendants have filed a joint motion to dismiss plaintiff's complaint or, in the alternative, to strike portions of plaintiff's complaint. The complaint contains seven counts.[1] Count I seeks an injunction for breach of a secrecy agreement between plaintiff and Leinert. Count II is a breach of contract claim. Count III seeks damages for breach of common law duties. Count IV seeks damages for unfair competition. Count V seeks equitable and legal relief under Florida's civil theft statute. Count VI seeks damages and injunctive relief under Florida's Uniform Trade Secrets Act. Count VII recites an action for an accounting.
First, defendants allege that the whole complaint should be dismissed for failure to join indispensable parties pursuant to Fed.R.Civ.P. 19. Basically, defendants allege that Leinert's subsequent employers are indispensable parties because they would be potential joint tortfeasors. However, a party is not indispensable simply because it may be a joint tortfeasor. Temple v. Synthes Corp., Ltd., 498 U.S. 5, 6, 111 S.Ct. 315, 316, 112 L.Ed.2d 263 (1990).
Defendants also argue that plaintiff has no standing to sue them. Defendants claim that any contract or relationship existed between Leinert and Coulter Electronics, Inc. ("Coulter Electronics"). Plaintiff, Coulter Corporation, is the surviving entity of a merger with Coulter Electronics which took place after many of the events relevant to this lawsuit. The Court need not address *734 which body of law actually applies to this issue because the result would be the same under the laws of Delaware (Coulter Corporation's place of incorporation), Illinois (Coulter Electronic's place of incorporation) and Florida (seat of the employment relationship): the rights and liabilities of merging corporations are retained by the surviving corporation. See Del.Code Ann.tit. 8, § 259; Fla.Stat.Ann. § 607.1106(1)(b); 805 ILCS 5/11.50(4).
Defendants point to a Florida statute which they interpret as preventing a surviving corporation in a merger from enforcing a non-competition agreement against employees of the merged corporation. See Fla.Stat. Ann. § 542.33. Without addressing the merit of defendants' statutory interpretation, the Court believes that defendants' reliance is misplaced. Having reviewed the agreement between defendant Leinert and Coulter Electronics, this Court finds that the instant suit does not involve a non-competition agreement; this case centers on a secrecy agreement. (Compl.Ex. 4). A person bound to a covenant not to compete is restricted in his choice of occupation while an individual bound to a confidentiality or secrecy agreement is merely prevented from disclosing certain information constituting "trade secrets." The agreement at issue in this case embodies nothing more than a limitation on disclosures of trade secrets by defendant Leinert.
Defendants also argue that Counts I, III, IV, V, and VII are barred by § 688.008(1) of Florida's Uniform Trade Secrets Act (UTSA). Fla.Stat. ch. 688.008 (1993). Section 688.008 provides that:
(1) Except as provided in subsection (2), §§ 688.001-688.009 displace conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.
(2) This act does not affect:
(a) Contractual remedies, whether or not based upon misappropriation of a trade secret;
(b) Other civil remedies that are not based upon misappropriation of a trade secret; or
(c) Criminal remedies, whether or not based upon misappropriation of a trade secret.
Fla.Stat. ch. 688.008 (1993). This section clearly displaces conflicting state law based on the misappropriation of a trade secret except for contractual or criminal remedies.
Initially, this Court notes the absence of Florida jurisprudence on the scope and applicability of § 688.008. However, because UTSA was enacted in Florida to "be applied and constructed to effectuate its general purpose to make uniform the law with respect to the subject of this act among states enacting it," this Court will look to the interpretations of states with law similar to Florida's. Fla. Stat. § 688.009 (1993).
Very few courts have addressed this issue when applying laws similar to Florida's. Hutchison v. KFC Corp., 809 F.Supp. 68, 71 (D.Nev.1992) (applying Nevada law); Micro Display Sys., Inc. v. Axtel, Inc., 699 F.Supp. 202, 204-05 (D.Minn.1988) (applying Minnesota law); Boeing Co. v. Sierracin Corp., 108 Wash.2d 38, 738 P.2d 665, 673-74 (1987). Plaintiff points to cases where claimants were able to maintain actions for breach of the duty of loyalty and for unfair competition. See, e.g., Rehabilitation Specialists, Inc. v. Koering, 404 N.W.2d 301 (Minn.Ct. App.1987); Dr. L.M. Saliterman & Assocs. v. Finney, 361 N.W.2d 175 (Minn.Ct.App.1985). To read such cases as approving by implication claims for unfair competition and breach of an agent's duty of loyalty is not sound in light of the type of inquiry the UTSA requires.
The statute precludes "conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret," but allows "civil remedies that are not based upon misappropriation of a trade secret." Fla.Stat. ch. 688.008. The plain language clearly precludes common law claims based on a theory of misappropriation of trade secrets. Thus, the issue becomes whether allegations of trade secret misappropriation alone comprise the underlying wrong; if so, the cause of action is barred by § 688.008. See Hutchison, 809 F.Supp. at 71; Micro Display, 699 F.Supp. at 205. In this case, the Court finds that § 688.008 operates *735 to bar Counts IV and VII for unfair competition and an accounting, but the statute does not bar Counts III and V, actions for breach of common law duties and for violation of Florida's civil theft statute.
First, Counts IV and VII are clearly barred by § 688.008; in both counts, the only wrong alleged by plaintiff centers on misappropriation of trade secrets. (Compl. ¶¶ 56-60, 72-75.) Therefore, the claims and remedies sought in Counts IV and VII are displaced by those provided in Florida's UTSA.
Second, regarding Count III, § 688.008(b) suggests that Florida's Uniform Trade Secrets Act does not apply to duties imposed by law that are not dependent upon the existence of competitively significant secret information, like an agent's duty of loyalty to his or her principal. The Washington Supreme Court held that the state's UTSA did not bar an action for breach of confidentiality between a principal and agent. Boeing, 738 P.2d at 674. Crucial to the court's decision was the fact that a claimant need not prove that trade secrets are at stake in a breach of confidentiality. Id. 738 P.2d at 674 (citing E.I. Du Pont De Nemours Powder Co. v. Masland, 244 U.S. 100, 102, 37 S.Ct. 575, 575, 61 L.Ed. 1016 (1917)). The reason being that the scope of an agent's duty of confidentiality and loyalty is not limited to protecting a principal against the disclosure of trade secrets. Restatement (Second) of Agency § 395 cmt. b (198). Indeed, in this case, plaintiff's claim of breach of common law duties includes allegations beyond disclosure of trade secrets; plaintiff alleges that defendant Leinert misappropriated confidential business information and removed some of plaintiff's documents. (Compl. ¶ 53.) Therefore, § 688.008 does not bar Count III.[2]
Plaintiff's claim under Florida's civil theft statute in Count V is problematic. Pursuant to Fla.Stat. Ch. 772.11 and 812.035(6), a plaintiff may bring a civil action for theft of a trade secret using the substance of a criminal statute. As a general rule of statutory construction, in order for one statute to displace another, the rescinding statute must be explicit. Ellis v. City of Winter Haven, 60 So.2d 620, 623 (Fla.1952). Florida's UTSA does not specifically displace Florida's civil theft statute; however, defendants argue that it is superseded by UTSA under the general displacement statement in § 688.008. Florida courts have not yet addressed this issue although a recent case at least suggests the viability of the civil theft statute. Board of Regents of the State of Florida v. Taborsky, 648 So.2d 748, 754-55, 1994 WL 497991 at *7 (Fla.Dist.Ct.App.1994) (interpreting Fla.Stat. Ch. 772.14 of the civil theft statute as affording a victim of trade secret theft a civil injunction based on facts conclusively established in the criminal action). Furthermore, there are differences between the scopes of the two statutes in their definitions of "trade secret"[3] and in the standard of proof required by each.[4] Therefore, this Court will deny defendants' motion to dismiss Count V.[5]
As for Count I, the Court notes that it will strike plaintiff's request for permanent injunctive relief made pursuant to Fed. R.Civ.P. 65. However, plaintiff's requests for preliminary injunctive relief in Count I will be allowed to remain as they are clearly not barred by § 688.008. Rule 65 provides *736 procedures by which a party can obtain the limited relief afforded by a preliminary injunction or a temporary restraining order. Although the right at stake in this case is state-created, Rule 65 contemplates a federal standard governing requests addressed to federal courts for preliminary injunctions. Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 799 (3rd Cir.1989). Additionally, the Court will strike the request for attorney's fees in Count I which plaintiff agrees is not proper.
Finally, defendants contend that plaintiff's claims against defendant Leinco should be dismissed. They argue that Leinco is improperly named as a defendant based on an alter ego theory. Defendants explain that the alter ego theory only applies to hold parent corporations liable for the debts of insolvent subsidiaries. Defendants do not cite any case law. The Court must reject defendant's contentions at this time.
The law in Missouri is clear.[6] "The test for piercing the corporate veil is two-pronged: first, the corporation must be controlled and influenced by persons or by another corporation; second, the evidence must establish that the corporate cloak was used as a subterfuge to defeat public convenience, to justify a wrong, or to perpetuate a fraud." Dave Kolb Grading, Inc. v. Lieberman Corp., 837 S.W.2d 924, 937 (Mo.Ct.App.1992); Terre Du Lac Ass'n, Inc. v. Terre Du Lac, Inc., 737 S.W.2d 206, 218-19 (Mo.Ct.App.1987). The Court finds that plaintiff in this case has made sufficient factual allegations to survive a motion to dismiss on this issue. (Compl. ¶¶ 35, 36.) Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss or, in the alternative, to strike portions of plaintiff's complaint and defendants' motion to dismiss plaintiff's complaint amended by interlineation are granted in part to the extent that the request for permanent injunctive relief in Count I is struck and to the extent that Counts IV and VII are dismissed and denied in all other respects.
NOTES
[1] Counts II and III are against defendant Leinart individually while all other counts are leveled against both defendants.
[2] Defendants' contention that defendant Leinert could not have breached a duty of loyalty after the end of his employment relationship with Coulter Electronics is incorrect. Under Florida law, an agent simply cannot engage in disloyal acts, such as using confidential information acquired during the course of his employment, for his own benefit. Unistar Corp. v. Child, 415 So.2d 733, 734 (Fla.Dist.Ct.App.1982); Fish v. Adams, 401 So.2d 843, 845 (Fla.Dist.Ct.App. 1981).
[3] Compare Fla.Stat. Ch. 812.081(1)(c) (Florida's civil theft statute's definition of a trade secret) with Fla.Stat. Ch. 688.002(4) (Florida's UTSA's definition of a trade secret).
[4] UTSA requires a preponderance of proof by the plaintiff while § 772.11 of the civil theft statute, on the other hand, requires proof by clear and convincing evidence. Fla.Stat. Ch. 772.11.
[5] Defendants' argument that plaintiff cannot maintain a civil theft claim on contractual bar theory is meritless; Florida law does not bar a civil theft claim because a contractual relationship is involved. Masvidal v. Ochoa, 505 So.2d 555, 556 (Fla.Dist.Ct.App.1987). See also Korman v. Iglesias, 736 F.Supp. 261, 267 (S.D.Fla. 1990).
[6] Defendants do not take issue with plaintiff's application of Missouri law. Therefore, the Court will assume that Missouri law applies.