960 So.2d 841 (2007)
MAGNER INTERNATIONAL CORP., Appellant,
v.
Zygmunt BRETT and Unixcam Group, LLC, Appellees.
No. 4D06-5036.
District Court of Appeal of Florida, Fourth District.
July 5, 2007.
Rehearing Denied August 6, 2007.
*842 Andrew Fulton, IV of Kelley & Fulton, P.A., West Palm Beach, for appellant.
Robert A. Skolnick of Kupfer, Kupfer & Skolnick, P.A., Coral Springs, for appellees.
*843 SHAHOOD, C.J.
Appellant, Magner International Corp. ("Magner"), appeals an order denying its emergency motion for temporary injunction to enforce a non-compete agreement. Appellant urges that the trial court erred in denying its motion by ruling that the Employment Agreement between Zygmunt Brett and Magner Corporation was not legally assigned to the appellant. We agree and reverse.
Brett was employed by Magner Corporation, a Connecticut corporation, from February 1, 1992 to August 31, 2000. While working for Magner Corporation, Brett signed an Employment Agreement which contained, among other provisions, non-compete and non-solicitation clauses.
Magner Corporation was involved in the marketing and sale of currency and coin-counting and authentication machines for use in the processing of currency and coins. Magner Corporation sold these machines in both the domestic and international markets. Sometime in 2000, the principals of Magner Corporation, Douglas R. Magee, Jr. and Paul R. Brunner, chose to sever their relationship, with the intent that Magee would sell the machines domestically and Brunner would sell the machines to international customers.
In contemplation of a corporate reorganization and separation, Magner was incorporated in Florida by Brunner.
The principals entered into an Agreement and Plan of Corporate Separation and Reorganization ("Reorganization Plan") whereby the domestic and international operations of Magner Corporation were to be severed as part of a tax-free reorganization. Magner took over the international operations, and Magner Corporation, which merged into Magner Corporation of America, took over domestic operations.
Brett, who was employed by Magner Corporation since 1992, accepted employment with Magner and began working for that company. An assignment was executed by Magee, in his capacity as treasurer of Magner Corporation, purporting to assign to Magner the 1992 Employment Agreement.
Brett resigned in October 2006, effective November 1, 2006. On November 6, 2006, Magner filed a complaint against Brett and Unixcam Group, LLC, Brett's new employer, and contemporaneously filed its emergency motion for temporary injunction, the denial of which formed the basis for this appeal.
Magner argues that the trial court erred in finding that it did not have standing to enforce the provisions of the non-compete and non-solicitation clause in the Employment Agreement. As a result of a tax-free split of Magner Corporation, Magner acquired all of the assets of the international division of the predecessor entity, including the rights under the Employment Agreement. In addition, there was an assignment of the Employment Agreement to Magner.
Brett, on the other hand, argues that the trial court correctly denied Magner's Emergency Motion for Temporary Injunction because Brett's employment agreement was with Magner Corporation, which had been dissolved and two separate corporations had been formed. Further, he urges that as a result of the dissolution his contract was not properly assigned to Magner.
Paragraph 8 of the Employment Agreement provided that it "shall be interpreted and enforced in accordance with the laws of the State of Connecticut."
"Florida courts are obligated to enforce choice-of-law provisions unless a showing is made that the law of the chosen *844 forum contravenes strong public policy or that the clause is otherwise unreasonable or unjust." Gilman + Ciocia, Inc. v. Wetherald, 885 So.2d 900, 902 (Fla. 4th DCA 2004) (citations omitted). No such showing was made; therefore, the choice-of-law provision in the contract is valid and enforceable. The law of Connecticut must be applied.
In Connecticut,
Where an employee enters into a restrictive covenant . . . it becomes a valuable asset of the business and upon the sale of that business the benefits of the covenant may be assigned to the purchaser. Where . . . the proprietor of the business sells it in the entirety to another, in equity the seller will be deemed to have assigned so much of the benefit of the contract as is severable and necessary for the protection of the business sold to the purchaser.
Torrington Creamery v. Davenport, 126 Conn. 515, 12 A.2d 780, 783 (1940) (citations omitted).
Non-compete agreements may be assigned upon the sale of a business or automatically assigned where the entire business is sold to another entity. In Madrigal Audio Laboratories, Inc. v. Cello, 799 F.2d 814, 821 (2d Cir.1986), the court held that "Connecticut adheres to the view, rejected by most jurisdictions, that an employee's covenant not to compete is an assignable asset of the employer" (citations omitted).
This principle was applied in Blum, Shapiro & Co., P.C. v. Searles & Houser, LLC, No. CV XXXXXXXXXS, 1999 WL 669824 (Conn.Super. Aug. 11, 1999), where the court found that the plaintiff company was not entitled to enforce the covenant not to compete because the plaintiff company did not acquire all of the assets of the defendant company; the two entities did not merge and the plaintiff company assigned no value to any covenant not to compete nor to goodwill in acquiring certain assets of the defendant company. Compare Stay Alert Safety Servs., Inc. v. Fletcher, No. CV054007660S, 2005 WL 2009036 (Conn.Super. July 13, 2005) (plaintiff company that purchased defendant company could enforce non-compete clauses in employment contracts for employees from the defendant company); Kelly Servs., Inc. v. Savic, No. 3:05CV1960 (AHN), 2006 WL 3254482 at 9-11 (D.Conn. Sept.5, 2006) (covenant assignable where the employment contract containing the covenant was specifically referred to as an asset of the sold company, although covenant eventually found unenforceable due to subsequent actions by employer).
In order for the terms of a non-compete employment agreement to be enforced by the purchasing company, under Connecticut law, that company must either acquire all of the assets of the company that initially held the employment agreement or upon sale be assigned the rights to the covenant. Here, Magner Corporation was divided by a reorganization agreement.
In this case, the Reorganization Plan stated that Magner Corporation is having all assets of its international division transferred "to a newly organized Florida corporation, to be known as Magner International Corp." in exchange for 100 shares of common stock in International. The Plan went on to state that Magner Corporation "has formed a wholly-owned subsidiary, Magner Corporation of America" and that Magner Corporation will merge with and into Magner Corporation of America. Magner was never identified as a subsidiary of Magner Corporation.
The facts demonstrate that Magner Corporation originally contained two divisions, a domestic division and an international *845 division. The international division was taken over by Magner International ("Magner") based in Florida. The domestic division remained with Magner Corporation which merged with Magner Corporation of America. However the transaction may be characterized, the entire business of Magner Corporation did not transfer to Magner; therefore, under Torrington, Magner is not deemed to have received the benefits of the non-compete employment agreement made between Brett and Magner Corporation. Nevertheless, there was an assignment.
Paragraph 9 of the Employment Agreement reads:
This Agreement shall be binding upon the parties hereto, their respective heirs, executors, administrators, successors and assigns; however, neither this Agreement nor the obligations, duties and responsibilities set forth herein shall be assignable or delegable by Employee without the prior written consent of Employer.
Torrington specifically states that "upon the sale of that business, the benefits of the covenant may be assigned to the purchaser." 12 A.2d at 783. Torrington only mentions a sale in the entirety where no assignment is provided. "A sale is a transfer of goods for consideration, and the seller is generally the party that receives the consideration and effects the transfer." Caring Ways Adult Day-care Ctrs., Inc. v. Saybrook Auto Sales, No. CV040103721, 2005 WL 3047261 at *3 (Conn.Super. Oct. 25, 2005) (quoting Am. Container Corp. v. Hanley Trucking Corp., 111 N.J.Super. 322, 268 A.2d 313, 316 (1970)). The assignment was made pursuant to the "Separation Agreement" in which consideration was provided. As a result, a valid assignment was made under Torrington, giving Magner standing to enforce the covenant not to compete.
Therefore, the trial court erred in denying appellant's emergency motion for temporary injunction.
Reversed and Remanded.
GROSS and MAY, JJ., concur.