THE TABOR ACADEMY, A CORPORATION OF THE STATE OF MASSACHUSETTS, PLAINTIFF-RESPONDENT, v. SAMUEL M. SCHWARTZ, DEFENDANT-APPELLANT.

Submitted October 30, 1942—Decided January 22, 1943.

For the defendant-appellant, *Abram I. Bluestein.*

For the plaintiff-respondent, *Hood, Lafferty & Emerson* (*Edward J. Brown*).

The opinion of the court was delivered by

BODINE, J. The facts in this case are few and admit of no dispute. The Tabor Academy is a corporation existing under the laws of the Commonwealth of Massachusetts. Mr. Schwartz, in the fall of 1938, entered his two sons in that school. The contract on which the action for the tuition fee was brought provides as follows:

"The fee for the school year 1938-39 is fourteen hundred dollars, an inclusive charge for tuition, room, board and laundry. It has been found necessary to limit the amount of laundry to a reasonable list. At the time when a boy is accepted for membership in the school, a tuition deposit of fifty dollars is required. Payments for tuition become due twice a year, one-half on October first and the balance on February first * * * In case a boy ceases to retain his membership in the School for any reason, either through a decision of the parent or through disciplinary action by the School, the parent is responsible for the full tuition fee and must sustain the financial loss involved. This is a necessary understanding, as the living arrangements and class instruc-

tion must be planned for a full year." It was admitted that the obligation to pay for books and supplies existed.

Mrs. Schwartz testified that she told Colonel Lillard, the headmaster, when she removed her sons from the school that the boys were unhappy, Raymond was not well. He said: "Well, Mrs. Schwartz, if your boys are unhappy here I wouldn't keep them here. If I had boys in the school and they were not happy why I wouldn't want to keep them in a place unless they were happy. If you feel you want to take them home I think that will be the best thing for you to do." At the same time she asked about the tuition and he said, "Well, I think the deposit will be enough to cover the time they were in school." Then Mrs. Schwartz took the boys home. This testimony does not show a waiver of the performance of the school contract. His thoughts did not make a new contract for the school any more than the thoughts of any employee would vitiate any other corporate contract solemnly entered into.

A few days later the principal wrote, in part as follows: "I am sorry that Raymond and Edwin were unable to adjust themselves to life in a boarding school and that they insisted upon being withdrawn. * * * Financially this means a definite loss both to you and to our school. Of course, our understanding with the parents is for the full year, as clearly stated in our catalogue because all of our arrangements for the boys have to be made for the year. But when something happens during the first semester, as in this case, it has been our policy to share the loss. I have no authority to make arrangements for our treasurer, but I am asking him to cancel the second half year of our agreement and to accept the payment of the first semester as a close of the account. Probably he will approve this suggestion."

This arrangement was not accepted. So the case was one to recover the full tuition or nothing.

The testimony of Mrs. Schwartz did not make the case one for the jury. Contracts may not be rescinded so informally. The Massachusetts corporation had not spoken through its officers and was not bound by the conversations of one not shown to have the right to speak for it in this

particular. Besides, the statement relied upon was vague and meaningless, since it imparted that something more would have to be done. Hence, the letter was written which expressed the final word of the school authorities. The trustees, who operate a boarding school, have each year the problem of determining the number of pupils who will attend so that a budget may be made up which will insure a proper balancing of receipts and expenses.

The contract in suit is the usual form. The breach being clear, we think there should have been a direction of a verdict in favor of the plaintiff. It is, therefore, not necessary to consider the question raised on the appeal as to the conduct of the trial judge and the charge of the court.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—PERSKIE, J. 1.