LEO FOUNDATION, INC. v. EDMUND F. KIERNAN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. 4-6504-4365

---

[6] See notes 1 and 3, supra.

12

Argued October 30—decided December 8, 1967

*Anthony I. Wells,* of New Haven, for the appellant (plaintiff).

*Jeremiah M. Keefe,* of Waterbury, for the appellee (defendant).

KINMONTH, J.  The plaintiff brought this action upon a written contract to recover tuition for the school term of 1960–1961.[1]  To this complaint the

---

[1] "Saint James School
Registration

..........*Edmund F. Kiernan, Jr*...............................
Name of student

..........*239 Columbia Blvd*...............................
Home address

......*1-9-42*............................ *Waterbury*..........
Date of birth                              Place of birth

......*Sacred Heart High School*...............................
Name of school last attended and address

......*Edmund F. Kiernan — Owner — Fuel Co*..................
Name of parent or guardian and occupation

Home telephone...*Pl-5-1366*...  Business telephone...*Pl-6-8811*...

In consideration of the sum of $1350, I understand that my son shall be enrolled as a boarding *(x)*, day () student at Saint James School.  It is further understood that his enrollment shall continue

defendant filed a general denial and the following special defenses: (1) The alleged written agreement constituted a registration and not a valid contract; (2) the alleged written agreement was indefinite and uncertain and, therefore, not a binding contract; (3) the alleged written agreement was inapplicable and invalid for the school year from September, 1960, to June, 1961; and (4) the plaintiff and/or its agents failed to abide by its agreement with the defendant, which agreement related to the accommodations which were to be furnished to the defendant's son, as a consequence of which the purported written agreement set forth in the plaintiff's complaint was rescinded.

Except for the fourth special defense, the facts are not disputed and are as follows: The plaintiff operated a private preparatory school for boys known as St. James School in Berlin, Connecticut, the defendant enrolled his son therein, and the son attended for the term of 1959–1960, his junior year. On August 19, 1960, the defendant paid plaintiff the

---

each year on September 1. Registration fee of $50.00 is enclosed. The balance will be due on September 15.

The enrollment fee includes tuition, room and board, books and supplies, laundry, dry cleaning, athletics, testing program, ordinary trips, school clothing and ordinary infirmary attention. Such personal items as spending money, railroad fares, medical and dental fees, etc., are not included.

School expenses are determined by a definite number of students. No rebates or reductions can be made from fees because of absence, withdrawal or dismissal for any reason.

The fee is due on September 15 or by arrangement may be paid in ten equal installments on September 15 through June 15.

Students are expected to spend the second complete week end of each month at their homes as well as Thanksgiving, Christmas and East [sic] vacations. Other visiting by parents and friends is discouraged.

Date...*Aug. 18, 1959*....    Signature...*Edmund F. Kiernan* .....
                                          Parent or guardian"

sum of $50 as the registration fee for the school year extending from September, 1960, to June, 1961, his son's senior year. Defendant's son commenced attending the school when it opened for the term in September, 1960. Within a week or two thereafter the son left the school. On September 22, 1960, the defendant sent a check for $600 to the plaintiff on account of tuition, but stopped payment on it before it was cashed. The defendant sought to prove that the defendant's son left the school because of inadequate living accommodations.

The court, as well as the parties, considered the first three special defenses as matters of law, and the case was submitted to the jury on the fourth special defense only. The jury returned a verdict in favor of the plaintiff, and the defendant filed a motion to set aside the verdict as against the evidence, contrary to law, and excessive. The court granted the defendant's motion on the ground that the contract was indefinite and that neither part performance nor the subsequent acts, words or conduct of the parties made certain or cured the indefiniteness thereof. The plaintiff appealed from the granting of the motion setting aside the verdict. Under our present procedure an appeal may be taken from a decision setting aside a verdict. Practice Book §§ 600, 1023.

Although no exceptions were taken to the court's charge, we do not feel, since the court and the parties agreed that the first three defenses were questions of law for the court, that the present case comes within the rule set forth in Lengel v. New Haven Gas Light Co., 142 Conn. 70, 77, wherein the court stated: "[B]y their failure to take exception at the conclusion of the charge, the defendants accepted the court's instructions as the law of the case. It necessarily follows that a verdict rendered in ac-

cordance with the unexcepted-to charge of the court is not a verdict contrary to the law." "The interpretation of contracts is the function of the court. It is the court's duty, at least when the interpretation of a contract does not depend on facts extrinsic to the contract, to construe the provisions of any contract which is in suit . . . ." *Libero* v. *Lumbermens Mutual Casualty Co.*, 143 Conn. 269, 274. We shall consider the case as presented in the trial court, and for that purpose we have examined the memorandum of decision on the motion to set aside the verdict, as we can do for a better understanding of the court's decision. *Rosenblatt* v. *Berman*, 143 Conn. 31, 37.

The defendant's son had attended the school for one year (1959–1960), and the defendant was familiar with the terms and conditions of the contract. The defendant had paid the registration fee, entered his son in school and sent a check for part of the tuition for the year 1960–1961. The subject of this suit is the tuition for the term 1960–1961. The court in its memorandum of decision lays stress on the words "similar" and "until graduation" as being uncertain and indefinite. This action is for the tuition for the year in which the defendant's son had started, and it is not necessary to interpret the words "until graduation." The word "similar" is generally interpreted to mean that one thing has a resemblance in many respects, nearly corresponds, is somewhat alike, or has a general likeness to some other thing, and not to mean identical in form or substance, although in some cases "similar" may mean "identical" or "exactly alike." *State Board* v. *Wagner*, 79 N.J. Super. 76, 82. It is clear from the action of the defendant as to the 1960–1961 term that the word "similar" in the contract meant that the tuition was identical. Certainly the word "similar" has no meaning so fixed that a court,

reading the contract in the light of its subject matter and the surrounding circumstances, may not give to the phrase such reasonable construction as will fairly effectuate the intent of the parties. *Texaco, Inc.* v. *Rogow,* 150 Conn. 401, 408; *Taft Realty Corporation* v. *Yorkhaven Enterprises, Inc.,* 146 Conn. 338, 343; *Mazzotta* v. *Bornstein,* 104 Conn. 430, 438.

The defendant in his brief and argument lays great stress on the point that the agreement lacked mutuality. We do not feel that this contention is well taken, for the reason that when the plaintiff accepted the defendant's son as a student it thereby became obliged to fulfil all the provisions set forth in the contract and the parties were therefore bound by its terms. *Roessler* v. *Burwell,* 119 Conn. 289, 292; *Wentworth Military Academy* v. *Marshall,* 225 Ark. 591. Thus there was, in fact, a mutuality of obligation between the parties—on the part of the plaintiff to provide the defendant's son with schooling for the school year; on the part of the defendant, to pay the tuition. The mere fact that defendant's son, by withdrawing from the school, could prevent the plaintiff from performing its part of the contract for the entire school year did not impair the mutuality of the parties' obligations. *Missouri Military Academy* v. *McCollum,* 225 Ark. 591, 595; *Ham* v. *Miss C. E. Mason's School,* 249 Ky. 478, 481. It is generally held that a contract for schooling for a specified term is entire and that when a student withdraws for reasons of his own, without fault on the part of the school, the school is entitled to the tuition for the entire period. *Bergman* v. *Bouligny,* 82 A.2d 760, 762 (D.C. Mun. App.) ; *Tabor Academy* v. *Schwartz,* 129 N.J.L. 390. The contract in question was not indefinite, uncertain or invalid for lack of mutuality. As to the defendant's first special defense, we deem it without substance. *Head* v. *Theis,* 106 N.J.L. 281, 283. The claims that the verdict was

excessive and against the evidence were not briefed, and we do not consider them.

The agreement was a valid contract for the year 1960–1961. The court erred in setting aside the verdict. As the jury found for the plaintiff on the facts of the case, we see no reason to order a new trial.

There is error and the case is remanded with direction to render judgment on the verdict.

In this opinion KOSICKI and MACDONALD, Js., concurred.