ST. MARGARET'S-McTERNAN SCHOOL, INC. *v.*
WILLIAM F. THOMPSON
(11230)

DUPONT, C. J., FOTI and LANDAU, Js.

Argued March 25—decision released June 15, 1993

*Peter T. Fay,* with whom, on the brief, was *Edward W. Mayer, Jr.,* for the appellant (plaintiff).

*William F. Thompson,* pro se, the appellee (defendant), filed a brief.

FOTI, J. The plaintiff appeals from the judgment, rendered after a trial to the court, in which the plaintiff was awarded $2000 in damages and $500 in attorney's fees. The plaintiff claims that the trial court improperly (1) determined damages, (2) concluded that the plaintiff had not minimized damages, and (3) reduced the amount shown to be reasonable attorney's fees and costs. We reverse the judgment of the trial court.

On February 1, 1989, the defendant applied for admission of his daughter to the plaintiff, a private school, for the academic year 1989-90.[1] On April 1, 1989, along with notification of his daughter's acceptance to the school, the defendant received an enrollment contract, which he executed on April 25, 1989, and returned to the plaintiff together with a nonrefundable $500 deposit. The contract provided for annual tuition charges and fees of $4000,[2] payable in two installments on July 31, 1989, and January 31, 1990.

On August 28, 1989, the defendant notified the plaintiff that his daughter would not be attending the school. Thereafter, the plaintiff made demand upon the defendant for $4000, the entire balance due under the contract. Following the defendant's refusal to pay, the plaintiff instituted this action seeking damages for breach of contract as well as attorney's fees and costs of collection.[3]

---

[1] The defendant conceded parental liability at the trial court.

[2] The total tuition was $8500. The defendant's daughter was awarded a $4000 grant.

[3] The defendant filed a counterclaim seeking the return of the $500 deposit. While the court's memorandum of decision does not specifically refer to the counterclaim, it is clear that judgment was rendered for the plaintiff on the defendant's counterclaim. The defendant has not appealed.

The plaintiff first claims that the court improperly decided as a matter of law that the plaintiff is limited to actual damages rather than contractual damages. The trial court concluded that "[t]he evidence which the plaintiff presented does not persuade the court that the plaintiff suffered actual damages equal to the contract price." The court further stated that "[i]t is reasonable to assume that the plaintiff was inconvenienced by [the defendant's daughter's] tardy decision and suffered a loss which could not be fully recouped. Recovery of an amount equal to the initial installment is a fair and just approximation of such loss." We conclude that the trial court improperly limited the plaintiff to recovery of actual damages.

"It is generally held that a contract for schooling for a specified term is entire and that when a student withdraws for reasons of [her] own, without fault on the part of the school, the school is entitled to the tuition for the entire period." *Leo Foundation, Inc.* v. *Kiernan,* 5 Conn. Cir. Ct. 11, 16, 240 A.2d 218 (1967). While the trial court recognized this rule, it nevertheless adopted a different standard that "in an age of continually rising educational costs which are ultimately passed on to the consumer . . . a school seeking recovery for a breach of contract should be limited to the amount of damages actually sustained."

Contract damages, as a general rule, are awarded to place the injured party in the same position it would have been in had the contract been fully performed. *Bertozzi* v. *McCarthy,* 164 Conn. 463, 468, 323 A.2d 553 (1973). Our Supreme Court, however, "has recognized the principle that there are circumstances that justify private agreements to supplant judicially determined remedies for breach of contract." *Vines* v. *Orchard Hills, Inc.,* 181 Conn. 501, 511, 435 A.2d 1022 (1980).

The enrollment contract executed by the defendant contained the following provisions: "I understand that my obligation to pay the charges for the full academic year is unconditional and that no portion of such charges so paid or outstanding will be refunded or cancelled notwithstanding the subsequent absence, withdrawal or dismissal from the School of the . . . student. . . .

"Also, it is agreed that enrollment as specified within this contract may be cancelled in writing by the parents or guardians without penalty (except forfeit of the $500 deposit) prior to August 1, 1989, but, if enrollment is cancelled after August 1, 1989, the obligation to pay the full annual charges is binding." These provisions are in the nature of a liquidated damages clause. By the express terms of these provisions, the defendant agreed that upon his failure to notify the plaintiff before August 1, 1989, that his daughter would not be attending the school, he would pay the remaining tuition due as a fixed sum of damages.

"It is settled law that a contract provision which imposes a penalty for a breach of the contract is contrary to public policy and is invalid, but a contractual provision which fixes liquidated damages for a breach of the contract is enforceable if it satisfies certain conditions. . . . The conditions which will justify an agreement for liquidated damages are: (1) The damage which was to be expected as a result of a breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract." (Citations omitted; internal quotation marks omitted.) *Norwalk*

*Door Closer Co.* v. *Eagle Lock & Screw Co.*, 153 Conn. 681, 686, 220 A.2d 263 (1966). No provision in a contract for the payment of a fixed sum as damages will be enforced, however, in a case where the court sees that no damage has been sustained. Id., 688. The party seeking to repudiate a clause that fixes a sum as damages has the burden of showing that the agreed sum is so exorbitant as to be in the nature of a penalty. *Syncsort, Inc.* v. *Indata Services,* 14 Conn. App. 481, 485, 541 A.2d 543, cert. denied, 209 Conn. 804, 548 A.2d 443 (1988).

It is undisputed that both parties to the contract received valuable consideration under the terms of the contract. In return for the defendant's promise to make tuition payments, the plaintiff agreed to reserve a place for the defendant's daughter and provide her with schooling for one year. The trial court explicitly found that the plaintiff had sustained damage as a result of the defendant's breach of the enrollment contract.

The trial court also recognized that the damage sustained by the plaintiff was uncertain in amount and difficult to prove. The fixed amount stipulated in the contract is not disproportionate to the amount of damage the parties reasonably could have presumed would be sustained by the defendant's breach. Nor is the stipulated amount so exorbitant as to constitute a penalty. We conclude that the proper measure of damages for breach of this enrollment contract is the fixed sum of $4000—the full unpaid tuition balance—as agreed to by the parties, not actual damages as determined by the trial court.[4]

The plaintiff also claims that the trial court improperly awarded an attorney's fee of only $500, whereas the contract expressly allowed for "all attorneys' fees

---

[4] Because of our decision on this first issue, we find it unnecessary to address the second issue raised by the plaintiff.

and reasonable costs of collection for any outstanding amounts due under this contract." The only evidence introduced as to the time spent and the rates charged presented the court with an amount of $2065.33. The court did not find this fee to be unreasonable on its face, nor did the court, by use of its own expert judgment, find that amount to be unreasonable. The defendant presented no countervailing evidence to show that the amount was unreasonable. The court neither questioned the reasonableness of these fees when presented at trial nor discussed the amount in its opinion, but arbitrarily reduced the amount to $500 without explanation or comment. Under the circumstances, we must conclude that the award of $500 was improper.

The judgment is reversed as to the award of damages and attorney's fees only and the case is remanded with direction to award damages to the plaintiff in the amount of $4000 and to determine reasonable attorney's fees.

In this opinion the other judges concurred.