[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a breach of contract case which was heard by the Court on November 1, 1994. The Court finds the following facts:
Count 1 of the Complaint
On January 26, 1990 plaintiff Sanitary Services Corporation and defendant Grossman's Inc. entered into a three-year contract for refuse collection services at the defendant's store in Hartford. (Plaintiff's Exhibit B) Under the terms of the contract the plaintiff agreed to provide the defendant with certain refuse collection and disposal services.
In January 1992 the defendant breached the contract by CT Page 12233 notifying the plaintiff that it was terminating the contract. (Plaintiff's Exhibit D). The plaintiff seeks damages for the amount due and owing under the contract at the time of the breach ($834.15). (Plaintiff's Exhibit G) In addition, the plaintiff seeks liquidated damages which are provided for under the contract for the remaining term of the lease, or six months.
The liquidated damages clause provides:
 "In the event the Customer terminates this agreement . . . Customer shall pay to Contractor as liquidated damages, a sum calculated as follows:
 "(a) if the remaining term under this agreement is six or more months, Customer shall pay the greater of its most recent monthly charge multiplied by six, or its most recent monthly charge multiplied by one half of the number of months remaining on the term. . ."
The liquidated damages amount has been calculated as follows:
 Current rate for hauling trash $ 210.19 Per Month Rate for hauling cardboard 124.19 Per Month ------- 334.38 x 6 months ------- $2,006.26
The Court finds the liquidated damages provision to be enforceable for the following reasons. The damages which were to be expected as a result of a breach of contract were uncertain in amount and difficult to prove; there was an intent on the part of the parties to liquidate damages in advance; the amount stipulated appears to the Court to be reasonable. Furthermore, a party seeking to repudiate a liquidated damages clause has the burden of showing that the agreed sum is so exorbitant as to be in the nature of a penalty. St. Margaret's Mcternan [McTernan] School Inc. v.Thompson. 31 Conn. App. 594. The defendant has failed to meet its burden of showing that the sum calculated under the liquidated damages clause was exorbitant. CT Page 12234
Accordingly, under Count 1 of the Complaint the Court finds the damages to be $2,840.43.
Count 2 of the Complaint
In August of 1988 Sanitary Refuse Company (which has been substituted by plaintiff Sanitary Services Corporation) and defendant entered into a four-year written contract for refuse collection services at defendant's store in Manchester. (Plaintiff's Exhibit A). Under the terms of the contract the plaintiff agreed to provide the defendant with certain refuse collection and disposal services.
In January 1992 the defendant breached the contract by notifying the plaintiff that it was terminating the contract. (Plaintiff's Exhibit E). The plaintiff seeks damages for the amount due and owing under the contract at the time of the breach ($737.89). (Plaintiff's Exhibit F). In addition the plaintiff seeks liquidated damages which are provided for under the contract for the remaining term of the contract.
The liquidated damages clause provides:
 "Because the anticipated damages are uncertain in amount and difficult to prove the parties hereunto wish to liquidate said damages in advance, and because moneys paid in pursuance of this agreement are not greatly disproportionate to the damage reasonably to be anticipated in the event of breach, it is further agreed that if the Customer shall fail to make several payments, or any of them as hereinbefore stated the Customer shall be responsible for each and every monthly payment during the period of said agreement as heretofore specified as liquidated damages."
The liquidated damages amount has been calculated as follows:
 Monthly rental fees $ 305.00 Per Month One Pick-up Per month 176.40 -------- CT Page 12235 $ 481.40 x 6 Months --------- $2,888.40
Here again, the Court finds the liquidated damages provision and the calculation of damages to be enforceable for the reasons set forth above under Count 1. The defendant has failed to meet its burden of showing that the liquidated damages clause is exorbitant. St. Margaret'sMcTernan School v. Thompson, supra.
Accordingly, under Count 2 of the complaint the court finds the damages to be $3,626.29.
The two contracts provide for an attorney's fee and court costs in the event of lack of payment. After studying the plaintiff's affidavit (plaintiff's Exhibit N) the Court finds that a reasonable attorney's fee should be $3000.00).
Defendant filed four defenses in this matter. However, no one testified in its behalf, and it has failed to prove any of its defenses.
Judgment may enter for the plaintiff as follows:
Count 1 $ 2,840.43
Count 2 3,626.29
Attorney's fee 3,000.00
 Plus Costs 220.20 ---------- 9,686.92