[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 30, 1994, the plaintiff, Daniel V. Keane Agency, Inc. (Keane Agency), filed an amended complaint in four counts against the defendant, H. A. Butterworth, Jr. (Butterworth). Counts one, two and four allege that Butterworth breached a covenant not to compete in an employment contract with the Keane Agency.[1] Count three alleges that Butterworth has not repaid a loan which the Keane Agency made to him.
The case was tried to the court which now finds the following facts.
Butterworth began working for the Keane Agency, a general independent insurance agency, in 1988. At that time, Butterworth had little experience in the insurance business. At the beginning of his employment, Butterworth could neither earn a bonus nor participate in the company's profit sharing. Later Butterworth's CT Page 1355-G compensation was changed to include a salary and commission. Butterworth earned, in salary and commission, about $33,000 in the year before March 1, 1993. Around December, 1992, Butterworth asked for a new compensation arrangement. He told Daniel Keane, the Keane Agency's vice president, that he had received offers from other businesses. On or about January 1, 1993, Butterworth and the Keane Agency agreed to a new employment contract that contained the restrictive covenant at issue in this case. The new employment contract changed Butterworth's compensation. Under the new system, he earned much larger commissions and he was eligible to earn larger bonuses.
On May 7, 1993, Butterworth's employment with the Keane Agency was terminated. After leaving the Keane Agency, Butterworth continued in the insurance business. He accepted the former customers of the Keane Agency only when those people sought him out.
 I.
The parties disagree as to whether the restrictive covenant CT Page 1355-H is enforceable.
Some jurisprudential background is in order. It is the general rule that competent persons shall have the utmost liberty of contracting and that their agreements, voluntarily and fairly made, shall be held valid and enforced in the courts. Collins v.Sears, Roebuck Co., 164 Conn. 369, 377, 321 A.2d 444 (1973). However, it has long been the law that "if the contract contemplates acts against public policy, or forbidden by statute, it is inoperative." Smith v. Delaney, 64 Conn. 264, 276,29 A. 496 (1894). In cases such as this the public policy exception to the liberty of contract is implicated because "`[t]he public have an interest in every person's carrying on his trade freely; so has the individual. All interference with individual liberty of action in trading, and all restraints of trade of themselves, if there is nothing more, are contrary to public policy, and therefore void. That is the general rule. But there are exceptions: restraints of trade and interference with individual liberty of action may be justified by the special circumstances of a particular case. It is a sufficient justification, and, indeed, it is the only justification [in the absence of statute], CT Page 1355-I if the restriction is reasonable — reasonable, that is, in reference to the interests of the parties concerned, and reasonable in reference to the interests of the public, so framed and so guarded as to afford adequate protection to the party in whose favor it is imposed, while at the same time it is in no way injurious to the public." Samuel Stores, Inc. v. Abrams, 94 Conn. 248,252, 108 A. 541 (1919).
Therefore, a covenant that restricts the activities of an employee following the termination of his employment is valid and enforceable if the restraint is reasonable. Scott v. General Iron Welding Co., 171 Conn. 132, 137, 368 A.2d 111 (1976); New HavenTobacco Co. v. Perrelli, 18 Conn. App. 531, 533, 559 A.2d 715
(1989). "The five factors to be considered in evaluating the reasonableness of a restrictive covenant ancillary to an employment agreement are: (1) the length of time the restriction operates; (2) the geographic area covered; (3) the fairness of the protection accorded to the employer; (4) the extent of the restraint on the employee's opportunity to pursue his occupation; and (5) the extent of interference with the public's interests.Scott v. General Iron Welding Co., 171 Conn. 132, 137, 368 A.2d CT Page 1355-J 111 (1976); New Haven Tobacco Co. v. Perrelli, 11 Conn. App. 636,638-39, 528 A.2d 865 (1987)." Robert S. Weiss Associates, Inc.v. Wiederlight, 208 Conn. 525, 529 n. 2, 546 A.2d 216 (1988). "The five prong test of Scott is disjunctive, rather than conjunctive; a finding of unreasonableness in any one of the criteria is enough to render the covenant unenforceable." New Haven TobaccoCo. v. Perrelli, supra, 534.
A. Time
Reasonableness is the standard by which courts evaluate whether the time restriction in a restrictive covenant is enforceable. Robert S. Weiss Associates v. Wiederlight, supra,208 Conn. 530.
The restrictive covenant contains two different time restrictions. In paragraph 13a, the restriction on acting in the insurance agency or brokerage business is for three years. In paragraph 13c, which is referable to pararaph [paragraph] 13b, the restriction on accepting business from a former Keane Agency client is without a time limit. CT Page 1355-K
Paragraphs 13b and 13c are patently unreasonable. The Keane Agency has neither produced evidence nor has it otherwise explained why Butterworth should be penalized if he ever accepts the insurance business of a former Keane Agency client.[2]
Because an indefinite restriction is not reasonable in the context of this case, the court will not enforce the restrictive covenant or damage provision in those paragraphs. See Beit v.Beit, 135 Conn. 195, 63 A.2d 161, 10 A.L.R.2d 734 (1948), reargument denied, 135 Conn. 413, 65 A.2d 171 (1949) (holding that a thirty year covenant not to compete that restricts activity in New London County is unreasonable); cf. Robert S. Weiss Associates, Inc. v. Wiederlight, supra, 208 Conn. 525 (holding two year restriction was valid); Scott v. General Iron WeldingCo., supra, 171 Conn. 132 (holding five year restriction was valid).
Paragraph 13a, on the other hand, is reasonable. The time restriction is for only three years. This much time allows the Keane Agency to maintain its relationship with its customers, CT Page 1355-L whom Butterworth previously serviced. The court is persuaded that Butterworth came to the Keane Agency with little experience.[3]
Because of Butterworth's inexperience, he needed the training and introduction to the insurance business that the Keane Agency provided.
Butterworth argues that New England Ins. v. Miller, supra, militates in favor of the conclusion that the three year time limitation is unreasonable. In Miller the court stated that "[w]hether the duration of the restrictive covenant is two years or three years, its duration is unreasonable under thecircumstances." (Emphasis added.)
Miller is not persuasive authority on the issue of the reasonabless [reasonableness] of a two year covenant not to compete for three reasons. First, it is well to note that Miller
is a trial court case and "[t]rial court cases . . . do not establish binding precedent." Statewide Grievance Committee v.Presnick, 18 Conn. App. 316, 323n. 3, 559 A.2d 220 1989). Second, the quoted language in Miller is dicta because the court continued: "[t]he nature of [the plaintiff] New England's CT Page 1355-M business and its geographical reach is such that the area restriction, already deemed unreasonable, cannot reasonably be found to entitle it to that degree of protection. . . . In any event, the earlier conclusion that its claimed customer list is a protected trade secret militates against further discussion of the restrictive covenant claim." Therefore, the court's finding that two or three years is unreasonable was not essential to its decision. "[T]o the extent that a discussion of [the] issue was unnecessary to the holding in the case the language is mere dictum." Dacey v. Connecticut Bar Assn., 184 Conn. 21, 24,441 A.2d 49 (1981).
Third, the facts in Miller differ from those here with respect to the experience of the insurance professionals involved in each case. "`[T]he precedential value of a decision should be limited to the four corners of the decision's factual setting.'"State v. Parris, 219 Conn. 283, 289, 592 A.2d 111 (1991). InMiller, the court noted that the plaintiff Miller began working in insurance ten years before he associated with the New England. Miller also brought his own clients to New England. In contrast, Butterworth did not bring clients nor much experience to the CT Page 1355-N Keane Agency. Because Butterworth did not bring significant experience or client revenue to the Keane Agency, but could take both with him on his departure, the Keane Agency is reasonably entitled to protection for three years. See Robert S. Weiss Associates, Inc. v. Wiederlight, supra, 208 Conn. 530-531 (upholding two year restriction applicable to specific and limited geographical area); Torrington Creamery, Inc. v.Davenport, 126 Conn. 515, 520, 12 A.2d 780 (1940) (same).
B. Geography
The Keane Agency argues that the restrictive covenant is reasonable because it prevents Butterworth from competing against it only in those areas where it does business. Butterworth claims that the Keane Agency did not establish that it does business in each town.
The restrictive covenant applies to Bridgeport and any town within twenty miles of Bridgeport. See footnote 1, supra. It is stipulated by the parties that the following towns constitute the border of an area that is within twenty miles of Bridgeport: CT Page 1355-O Stamford, Danbury, Waterbury, Cheshire, Wallingford and Guilford.
"The application of a restrictive covenant must be confined to a geographic area that is reasonable in view of the particular situation. Scott v. General Iron Welding Co., supra, [171 Conn.] 138. `A restrictive covenant which protects the employer in areas in which he does not do business or is unlikely to do business is unreasonable with respect to area.' Id." New HavenTobacco Co. v. Perrelli, supra, 18 Conn. App. 534.[4]
The Keane Agency has proven that the geographic limitation is narrowly drawn to areas where it does business. Although the customers are concentrated in Bridgeport and its immediate suburbs, such as Stratford and Fairfield, it is reasonable that the covenant not to compete include areas, such as Guilford and Cheshire, where its business exists but is less well established. "[T]hat an employer seeks to protect his interest in potential new customers in a reasonably limited market area as well as his existing customers at the time the employee leaves does not render the covenant unreasonable." Robert S. Weiss Associates,Inc. v. Wiederlight, supra, 208 Conn. 533. CT Page 1355-P
This court again finds New England Ins. v. Miller, supra, distinguishable. Simply stated, in this case, unlike in Miller,
the party seeking enforcement of the covenant has demonstrated why the geographic limitation is reasonable. See Robert S. Weiss Associates, Inc. v. Wiederlight, supra, 208 Conn. 528,530-531 (upholding two year restriction on insurance salesman from soliciting accounts of the plaintiff and working within the city of Stamford and within ten miles from its city limits).
C. Protection to the employer
"In order to be valid and binding, a covenant which restricts the activities of an employee following the termination of his employment . . . should afford only a fair protection to the interest of the party in whose favor it is made." Scott v.General Iron Welding Co., supra, 171 Conn. 137. "[W]hen the character of the business and the nature of employment are such that the employer requires protection for his established business against competitive activities by one who has become familiar with it through employment therein, restrictions are CT Page 1355-Q valid when they appear to be reasonably necessary for the fair protection of the employer's business or rights." Id.
This court finds that the restrictive covenant provides a fair degree of protection to the employer. As explained supra, the restrictive covenant pertains to the geographic area in which the Keane Agency does business, for three years. Because the viability of the Keane Agency depends on the relationship with its clients, it is important to protect that interest by enforcing the covenant not to compete.
D. Interference with employee's employment
"The interests of the employee himself must also be protected, and a restrictive covenant is unenforceable if by its terms the employee is precluded from supporting himself and his family." Scott v. General Iron Welding Co., supra, 171 Conn. 137.
The restrictive covenant interferes, albeit reasonably, with Butterworth's employment. The restrictive covenant does not force him to sacrifice his livelihood. At any time, Butterworth can CT Page 1355-R work as an insurance agent or insurance broker throughout most of Connecticut and in any other state. Compare Russo Associates,Inc. v. Cachina, Superior Court, judicial district of Fairfield, No. 276910 (1995). He can also return, without penalty, to the Bridgeport area in three years.
E. Public interest
"In order for such interference [with the public interest] to be reasonable, it must be determined that the employer is seeking to protect a legally recognized interest, and then, that the means used to achieve this end do not unreasonably deprive the public of essential goods and services." New Haven Tobacco Co. v.Perrelli, supra, 18 Conn. App. 536.
An employer can protect its business in the area where it does business. See Robert S. Weiss Associates v. Wiederlight,
supra, 208 Conn. 533; May v. Young, 125 Conn. 1, 7, 2 A.2d 385
(1938). The court finds that the Keane Agency's interest in protecting itself from the competition of a former employee, whom it has trained and who is familiar with its customer base, in the CT Page 1355-S areas where it has accounts is legally protected. Hence, the Keane Agency meets the first part of Perrelli's public interest test.
"In determining whether a restrictive covenant unreasonably deprives the public of essential goods and services, the reasonableness of the scope and severity of the covenant's effect on the public and the probability of the restriction's creating a monopoly in the area of trade must be examined." New HavenTobacco Co. v. Perrelli, supra, 18 Conn. App. 536. Here, the public interest will not suffer because the restrictive covenant is enforced. The Keane Agency will not constitute a monopoly in the Bridgeport area. With or without Butterworth, enough businesses will compete for insurance sales so that the public will be adequately served.
The court finds that paragraph 13a is reasonable. The court also finds that paragraphs 13b and 13c are unreasonable. Whether the employment agreement survives this finding depends on whether the provisions are severable.
II
CT Page 1355-T
Butterworth argues that paragraphs 13b and 13c are not severable because paragraph 13 is a unit.[5] Butterworth points to language in paragraph 13f that states "[t]he covenants contained in this paragraph shall be construed as any other provisions in this agreement." See footnote 1, supra. Butterworth contends that this language sets the entire paragraph 13 apart from the rest of the contract. Butterworth suggests that if one part of paragraph 13 fails, then the entire paragraph fails.
The Keane Agency argues that each subparagraph in paragraph 13 is a separate part of the contract. The Keane Agency contends that if the court rules that one part is unenforceable, the court should still enforce the remaining valid parts.
Whether severance is appropriate depends primarily upon the intent of the parties as determined by a fair construction of the language they used. Beit v. Beit, supra, 135 Conn. 204. "A restrictive covenant which contains or may be read as containing distinct undertakings bounded by different limits of space or time, or different in subject-matter, may be good as to part and CT Page 1355-U bad as to part. But this does not mean that a single covenant may be artificially split-up in order to pick out some part of it that can be upheld. Severance is permissible only in the case of a covenant which is in effect a combination of several distinct covenants. Where the covenant is intended by the parties to be an entirety, it cannot properly be so divided by a court that it will be held good for a certain area but invalid for another; this would be to make an agreement for the parties into which they did not voluntarily enter." Id., 205.
Paragraph 13a, on the one hand, and paragraphs 13b and 13c, on the other hand, are quite distinct in purpose and scope, have different temporal limits and may be enforced separately. Paragraphs 13b and 13c, the unenforceable provisions, prevent Butterworth from contacting the Keane Agency's former clientswherever those clients are located at any time. In contrast, paragraph 13a, the enforceable provision, prevents Butterworth from contacting businesses in and around Bridgeport for three
years. The court recognizes that there is some overlap between these provisions. Despite this overlap, the drafters of the agreement did intend for the two paragraphs to be separate and CT Page 1355-V distinct. Therefore, paragraphs 13b abd [and] 13c are severable from, and do not invalidate, the balance of paragraph thirteen.
 III
Butterworth proposes another reason for invalidating the employment contract: that it lacked consideration. Butterworth argues that he did not receive extra consideration when he agreed to the covenant not to compete. Butterworth depicts the following chronology: Butterworth and Daniel Keane negotiated a new compensation arrangement completely without discussing a restrictive covenant. After those terms were finalized, Keane added the restrictive covenant unilaterally.
The Keane Agency presents a different set of facts. The Keane Agency contends that it increased Butterworth's compensation because, in part, he agreed to the restrictive covenant. The Keane Agency contends that the additional compensation constitutes present, not past, consideration.
"Under the law of contract, a promise is generally not enforceable unless it is supported by consideration. E. CT Page 1355-W Farnsworth, Contracts (1982) § 2.9, p. 89; A. Corbin, Contracts (1963) § 193, p. 188." D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 213,520 A.2d 217 (1987). "It is an accepted principle of law in this state that when a party agrees to perform an obligation for another to whom that obligation is already owed, although for lesser remuneration, the second agreement does not constitute a valid, binding contract. . . . Where, however, the subsequent agreement imposes upon the one seeking greater compensation an additional obligation or burden not previously assumed, the agreement, supported by consideration, is valid and binding upon the parties." (Citations omitted.) Brian Construction DevelopmentCo. v. Brighenti, 176 Conn. 162, 166, 405 A.2d 72 (1978).
In an employment contract, "past consideration" does not make a promise enforceable. Dick v. Dick, 167 Conn. 210, 224,355 A.2d 110 (1974). When the terms of employment change, new obligations and responsibilities will support a promise not to compete. VanDyck Printing Co. v. DiNicola, 43 Conn. Sup. 191, 195-96,648 A.2d 898 (1993), aff'd, 231 Conn. 272, 648 A.2d 877 (1994).
The court finds that consideration supported Butterworth's CT Page 1355-X promise not to compete. The parties agree that the covenant not to compete was incorporated into Butterworth's employment contract when the terms of his employment were changing. Daniel Keane testified, credibly, that he agreed to increase Butterworth's compensation because Butterworth's covenant not to compete protected the Keane Agency. Significantly, Butterworth's attorney reviewed the proposed contract before Butterworth signed it.
In addition, this court holds that where, as here, the preexisting contract of employment is terminable at will, no overt consideration is required to support an otherwise valid covenant not to compete. The law presumes that such a covenant is supported by the employer's implied promise to continue the employee's employment; Osborne v. Locke Steel Chain Co.,153 Conn. 527, 531, 218 A.2d 526 (1966) ("An exchange of promises is sufficient consideration to support a contract."); or his forebearance in not discharging the employee then and there. E.g.Iseli Co. v. Connecticut light Power Co., 211 Conn. 133, 136,558 A.2d 966 (1989), and cases cited therein (forbearance from exercise of legal right as consideration); but see Calamita v.CT Page 1355-YThe Tradesmens National Bank, 135 Conn. 326, 332, 64 A.2d 46
(1949).
The court finds that adequate consideration supports the covenant not to compete.
 IV
Butterworth next argues that the agreement is not enforceable because it is unconscionable. "`The purpose of the doctrine of unconscionability is to prevent oppression and unfair surprise. J. Calamiri J. Perillo, Contracts (3d Ed.) § 9-40.' EdartTruck Rental Corp. v. B. Swirsky Co., 23 Conn. App. 137, 142,579 A.2d 133 (1990). . . . As Official Comment 1 to § 2-302 of the Uniform Commercial Code suggests, [t]he basic test is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. . . . The determination of unconscionability is to be made on a case-by-case basis, taking into account all of the CT Page 1355-Z relevant facts and circumstances." (Citations omitted; internal quotation marks omitted.) Cheshire Mortgage Service, Inc. v.Montes, 223 Conn. 80, 88-89, 612 A.2d 1130 (1992).
This contract is not unconscionable. The court has excised paragraph 13c, the invalid provision of the covenant not to compete. For the same reasons, discussed in part I supra, for the court's finding that the covenant not to compete is reasonable, the court concludes that the covenant not to compete is not unconscionable.
 V
Paragraph 13a of the contract, therefore, is enforceable. The court finds that the defendant breached that provision.[6]
Paragraph 13e provides the remedy for a breach of paragraph 13a. It provides that if part of the covenant not to compete is breached, then the measure of damages is "three (3) times the net annual commissions and/or fees earned by [the Keane Agency] during the preceding twelve (12) months from all insurance written by [the Keane Agency] for all accounts lost to [the Keane CT Page 1355-AA Agency] as a result of [Butterworth] actions in breach of" his covenant not to compete. The covenant not to compete states that it is liquidated damages provision. See footnote 1, supra.
Butterworth argues that the court should not follow paragraph 13e. First, he argues that the Keane Agency has not proven a breach. He is mistaken. Second, he argues that the award of damages must be reduced by the amount of the commission that he would have earned from the Keane Agency. Third, he argues that the liquidated damages clause is a penalty that should not be enforced.
The Keane Agency argues that paragraph 13e is valid. It argues that Butterworth's commission is irrelevant. It also claims that the liquidated damages clause is valid.
"It is settled law that a contract provision which imposes a penalty for a breach of the contract is contrary to public policy and is invalid, but a contractual provision which fixes liquidated damages for a breach of contract is enforceable if it satisfies certain conditions. . . . The conditions which will CT Page 1355-BB justify an agreement for liquidated damages are: (1) The damage which was to be expected as a result of a breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract." St. Margaret's-McTernanSchool, Inc. v. Thompson, 31 Conn. App. 594, 597, 627 A.2d 449
(1993). "The party seeking to repudiate a clause that fixes a sum as damages has the burden of showing that the agreed sum is so exorbitant as to be in the nature of a penalty." Id., 598.
Butterworth has not met his burden of showing that three times the annual commission and/or fee is a penalty. The damages for breaching a covenant not to compete is difficult to assess in advance of the breach. Such a breach can visit little injury to the employer, some injury, or a fatal injury. In a factual setting such as this, the extent of the injury cannot accurately be predicted in advance. A single breach can disrupt the former CT Page 1355-CC employer's business. That disturbance can expand exponentially as progressively more clients take their business to the person who has breached the covenant not to compete. Gartner Group Inc. v.Mewes, Superior Court, judicial district of Stamford-Norwalk, No. 01183325 (5 Conn. L. Rptr. 411, 412) (1992) The court also finds that the parties intended to liquidate damages in advance of a breach. Finally, the court finds that the damages are reasonable "in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by . . . [the Keane Agency] in the event of a breach of contract." St.Margaraet's-McTernan [Margaret's-McTernan] School, Inc. v. Thompson,
supra, 31 Conn. App. 597. The covenant not to compete was for three years. But for Butterworth's breach, the Keane Agency presumably would have maintained those clients that went to Butterworth. The Keane Agency would have received the commissions for three years longer. Therefore, damages equal to three times the commissions which the plaintiff received in the twelve months preceding the breach is reasonable.
Butterworth argues that the court should reduce the damages CT Page 1355-DD by the amount of the commission that he would have received if he had stayed at the Keane Agency. Butterworth's proposition might apply if this case sought actual damages. The court rejects this argument because a liquidated damages clause sets forth the damages for breach and that clause is valid.
The plaintiff established that as a result of the defendant's breach, the plaintiff lost certain clients to the defendant who, collectively, had paid the plaintiff $12,910.00 in commissions during the twelve months prior to the defendant's breach.[7]
The contract sets the amount of damages as three times the total of the commissions. Therefore, the amount of damages is $38,730.00.
Paragraph 13f allows the Keane Agency to recover its attorney's fees. See footnote 1, supra. Daniel Keane testified, and the court finds, that the Keane Agency has incurred $5,500.00 in attorney's fees through September 1, 1994. The court finds that the amount, which the Keane Agency has claimed, is reasonable. Accordingly, the court awards $5,500.00 to the Keane Agency. CT Page 1355-EE
 VI.
Paragraph 13d allows the Keane Agency to seek an injunction if Butterworth breaches the provisions of paragraph 13.
"A party seeking injunctive relief has the burden of proving irreparable harm and lack of an adequate remedy at law." TomassoBros. v. October Twenty-Four, 230 Conn. 641, 648, 646 A.2d 133
(1994). "The extraordinary nature of injunctive relief requires that the harm complained of is occurring or will occur if the injunction is not granted. Although an absolute certainty is not required, it must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm." Silitschanu v. Groesbeck,12 Conn. App. 57, 65, 529 A.2d 732 (1987), aff'd, 208 Conn. 312,543 A.2d 737 (1988). "[W]hether damages are to be viewed by a court of equity as `irreparable' or not depends more upon the nature of the right which is injuriously affected than upon the pecuniary loss suffered." Cummings v. Tripp, 204 Conn. 67, 90,527 A.2d 1230 (1987). CT Page 1355-FF
"While ordinarily proof of imminent irreparable harm is essential, in this type of case [for violation of a covenant not to compete] there is no such requirement. It has long been recognized in this state that a restrictive covenant is a valuable business asset which is entitled to protection.Torrington Creamery Inc. v. Davenport, supra at 521. Irreparable harm would invariably result from a violation of the defendant's promises. Matis v. Lally, 138 Conn. 51, 56; Welles v. O'Connell,23 Conn. Sup. 335, 337. The reason for this is that such a plaintiff's actual injury is not susceptible of determination to its entire extent but is estimable largely by conjecture and prediction. Case v. Zeiff, 10 Conn. Sup. 530, 532. The very nature of the defendant's conduct is such that its real impact will not be felt fully for several years in the future. In this case the defendant's competitive activities carried out within the year in question are likely to produce harmful effects in subsequent years in expanding geometric progression." GartnerGroup Inc. v. Mewes, supra, 5 Conn. L. Rptr. 412.
The court finds that the Keane Agency has proven that it will CT Page 1355-GG suffer irreparable harm if an injunction is not issued. Accordingly, the court enjoins Butterworth from violating paragraph 13a, that is, from engaging in the insurance agency or brokerage business within Bridgeport or within twenty miles of Bridgeport until May 7, 1996 (which is three years; after Butterworth's employment with the Keane Agency terminated).
 VII
The Keane Agency has sought to recover money that it gave to Butterworth. The Keane Agency claims that it extended this money as a loan, which Butterworth promised to repay. Butterworth argues that this money was part of his compensation package.
There is no writing memorializing this transaction. Not surprisingly, the parties' testimony was in conflict. As with its other claims, it was the plaintiff's burden to prove this count.Hally v. Hospital of St. Raphael, 162 Conn. 352, 358,294 A.2d 305 (1972). The plaintiff has not done so. Indeed, the court is not satisfied that there was a meeting of the minds of the parties with respect to the nature of this transaction. See CT Page 1355-HHRogers v. Hannon-Hatch Post No. 9929, 23 Conn. Sup. 326, 327, 1 Conn. Cir. 221, 182 A.2d 923 (App.Div. 1962). A loan entails an agreement, specifically an express or implied agreement to repay. Ibid. It is a basic principle of contract law that in order to form a binding contract there must be an offer and acceptance based on a mutual understanding of the parties. Lembo v.Schlesinger, 15 Conn. App. 150, 154, 543 A.2d 780 (1988).
Judgment may enter for the plaintiff in the amount of $38,730.00 plus $5,500.00 attorney's fees. Judgment also may enter enjoining the defendant from engaging in the insurance agency or insurance brokerage business within the city of Bridgeport or within twenty miles from the city limits thereof until May 7, 1996.
BY THE COURT
Levin, J.