[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Defendant in this action moves for summary judgment claiming that a liquidated damages clause in its contract with the plaintiff limits its liability to one-half of the annual payments made under the terms of the contract which, under the circumstances here, amounts to $84.00. The plaintiff, who has claimed damages in excess of $10,000 based on breach of the contract, argues that there are material questions of fact at issue, including whether the amount of liquidated damages is reasonable, and whether the existence of the clause was fully disclosed to the plaintiff.
Summary judgment is appropriate when the pleadings, affidavits, and other proof submitted show that there is no genuine issue as to any material fact. Wilson v. New Haven,213 Conn. 277, 279 (1989). The evidence submitted in connection with this motion consists of: (1) the contract itself, and (2) plaintiff's affidavit claiming no knowledge with respect to the clause in question.
It is settled law that a liquidated damage clause is contrary to public policy and invalid unless the following conditions are satisfied:" (1) The damage which was to be expected as a result of a breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the CT Page 3919 amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contact." (citations omitted; internal quotation marks omitted.) St. Margaret's-McTernan School, Inc. v.Thompson, 31 Conn. App. 594, 597 (1993). Door Closer, Co., v.Eagle Lock and Screw Co., 153 Conn. 681, 686 (1966). "Reasonableness is a question of fact for the trier to determine based on all of the circumstances." Williams Ford, Inc. v. HartfordCourant Co., 232 Conn. 559, 580 (1995).
In its complaint plaintiff claims that the defendant, a company providing the monitoring and installation of alarm systems, breached its installation and monitoring contract by failing to monitor plaintiff's alarm system and by failing to notify police of a burglary at plaintiff's place of business, which allegedly resulted in loss and damages in excess of $10,000.00. Defendant claims its liability is limited by the terms of the liquidated damages clause to $84.00. At the very least, a material issue of fact exists as to whether the amount stipulated in the liquidated damages clause is reasonable in terms of the presumable loss which would be sustained in the event of a breach of contract. Accordingly, defendant's motion for summary judgment is denied.
FASANO, J.