[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION TO REPORT OF FACT FINDER
The plaintiff Cintas Corporation is a corporation that furnishes uniform services to other businesses. The defendant Hoffman Fuel Company uses uniforms for its employees. The plaintiff and the defendant first entered into a contract in 1993 for the plaintiff to provide uniforms to the defendant.
In 1996 the defendant decided to change the style of its uniforms. Thereafter, the plaintiff and the defendant entered into a new contract on May 8, 1996, for a period of sixty months. In November 1998, the defendant terminated the contract. The plaintiff sued for breach.
The matter was referred for trial to an attorney fact finder pursuant to Conn. P.B. § 23-53. The fact finder filed a report on August 10, 2000, indicating his findings in favor of the plaintiff and recommending that judgment enter in the amount of $20,244. Notice of the filing of the finding of facts was not sent out by the clerk until August 14, 2000. Thereafter on August 28, 2000, the defendant filed an objection to the finding of fact. The court finds the objection to be timely filed, pursuant to Conn. P.B. § 23-57.
The defendant raises four issues in its objection: 1) that the subordinate facts found by the fact finder do not support his ultimate CT Page 12412 conclusion; 2) that the fact finder erred by admitting certain evidence, 3) that the fact finder erred in concluding that the liquidated damages clause was valid and enforceable; and 4) that the fact finder's recommendation of an award of damages in the amount of $20,244 was "excessive, unwarranted, and unproven." The defendant requests a trial de novo before the court.
The defendant has filed an accompanying memorandum of law which focuses on the subject of all of the defendant's objections — the liquidated damages clause. It is the defendant's contention that the fact finder erred in upholding the liquidated damages clause in the contract, as opposed to compelling the plaintiff to provide proof of what actual damages the plaintiff may have suffered as a result of the breach.
The damages clause of the contract reads as follows:
 In the event of cancellation of this service agreement by the Customer prior to the termination date, other than for failure of the Company to perform under its guarantee, the Customer will pay the greater of 50% of the weekly service charge per week for the unexpired term, or buyback all the garments and other products in inventory at the rates listed above as replacement value.
The contract at issue is not unlike that in St. Margaret's-McTernanSchool, Inc. v. Thompson, 31 Conn. App. 594, 626 A.2d 449 (1993). Rather than a pure liquidated damages clause, the damage clause here creates a measure of damages which is a percentage of the amount that would be paid if the defendant had not breached but had fully performed. As was recognized by the court in Thompson, supra, such "contract damages," as opposed to actual damages, "are awarded to place the injured party in the same position it would have been in had the contract been fully performed." Id., 596. All of the criteria exist to justify the enforcement of an agreement for liquidated damages:
 (1) The damage which was to be expected as a result of a breach of the contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable in the sense that it was not greatly disproportionate to the amount of the damage which, as the parties looked forward, seemed to be the presumable loss which would be sustained by the contractee in the event of a breach of the contract" (Citations omitted; internal CT Page 12413 quotation marks omitted.) Norwalk Door Closer Co. v. Eagle Lock Screw Co., 153 Conn. 681, 686, 220 A.2d 263
(1966).
The findings of the fact finder fully support his analysis and recommendation as to this issue: that the measure of damages to which the parties agreed in writing is valid and enforceable.
The defendant has requested oral argument on the objection. The court declines to allow further argument in view of the fact that the post-trial memoranda of the parties and in particular the objection of the defendant and its memorandum in support of the objection comprehensively state the defendant's position. The court finds the objection to be without merit and accepts the recommendation of the fact finder.
The court hereby enters judgment in accordance with that recommendation.
Patty Genkins Pittman, Judge